2141

Sarah J. WHITE, as Personal Representative of the Estate of Randall E. White, Appellant v. ALLSTATE INSURANCE COMPANY, Respondent.

(442 S.E. (2d) 195)

Court of Appeals

*Melvin L. Roberts* and *Ivan N. Walters, Melvin L. Roberts & Associates,* York, *for appellant.*

*John S. Wilkerson, III* and *Michael S. Hopewell, Turner, Padget, Graham & Laney,* Florence, *for respondent.*

Submitted Dec. 7, 1993.

Decided Feb. 22, 1994. Reh. Den. Apr. 21, 1994.

HOWELL, Chief Judge:

Sarah J. White, as personal representative of the estate of Randall E. White, appeals from a ruling that Allstate Insurance Company made a valid offer of un-

derinsured (UIM) motorist coverage to Randall White. We reverse and remand.

In 1988, Randall White bought a liability policy covering two vehicles. Allstate claims that when White renewed the policy, it mailed a renewal declaration sheet and billing notice. On the face of the declaration sheet was the following language:

> UNDERINSURED MOTORISTS INSURANCE LIMITS EQUAL TO YOUR BODILY INJURY LIABILITY LIMITS ARE OFFERED TO YOU AT THE FOLLOWING PRICES:
>
> VEH 1 $6.50
> VEH 2 $6.50
>
> SEE THE ENCLOSED INSERT DESCRIBING THESE OFFERS AND HOW TO ACCEPT OR REJECT THEM OR OBTAIN OTHER AVAILABLE LIMITS.[1]

Allstate contends that accompanying the declaration sheet and renewal package was a form which further explained UIM coverage.

In 1989, Randall White purchased an additional policy from Allstate for a motorcycle. In conjunction with the issuance of that policy, Allstate mailed White a declaration sheet with similar language to that contained on the renewal declaration sheet quoted above. Allstate again contends this mailing included the insert. The personal representative denies the insert was included in either package.

Both of the policies at issue were minimum limits policies. Although the parties disagree as to whether the insert was included in the mailings, it is undisputed that if the insert was received by White, the offer of UIM coverage was offered only for the amount of coverage of the minimum liability limits of the policy.

The dispositive issue on appeal is whether Allstate was required to offer UIM coverage below the minimum liability limits. We hold they must, and therefore, their offer was invalid as a matter of law.

---

[1] The enclosed insert makes it clear that coverage is offered only at the liability limits for this minimum limits policy in spite of the reference to obtaining other available limits.

Section 38-77-160 mandates the offering of UIM motorist coverage as follows:

> [Automobile insurance] carriers shall . . . offer at the option of the insured, underinsured motorist coverage *up to the limits* of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist.

S.C. Code Ann. § 38-77-160 (1989).

In construing a statute, the statute must be read as a whole. *Busby v. State Farm Mutual Auto. Ins. Co.*, 280 S.C. 330, 312 S.E. (2d) 716 (Ct. App. 1984). In addition, this Court's function is to determine and give effect to the intention of the legislature based upon the wording of the statute itself. *Holman v. Bulldog Trucking Co.*, — S.C. —, 428 S.E. (2d) 889 (Ct. App. 1993).

Section 38-77-140 mandates that automobile insurance carriers offer coverage of not less than 15/30/5. S.C. Code Ann. § 38-77-140 (1989). In addition, carriers must offer minimal limits of uninsured (UM) coverage of not less than 15/30/5. S.C. Code Ann. § 38-77-150 (1989).[2] The statutory provision for UIM coverage, however, is devoid of any minimum offer requirement.

Although UIM coverage may be distinguished from liability and UM coverage because UIM coverage is not mandated by statute, it seems clear that had the legislature intended there to be a minimum offer requirement for UIM coverage it would have done so. In addition, the clear and unambiguous language of the statute requires UIM coverage to be offered *up to* the limits of the insured's liability coverage.

Our construction of section 38-77-160 is also supported by the Supreme Court's interpretation of the statute under similar facts. In *Hanover Ins. Co. v. Horace Mann Ins. Co.*, 301 S.C. 55, 56, 389 S.E. (2d) 657, 658 (1990), the Court stated:

> S.C. Code Ann. § 38-77-160 (1989) provides that an automobile insurance carrier must offer, at the option of the insured, underinsured motorist coverage "up to the limits of the insured liability coverage." In *Garris v. Cincinnati*

---

[2]Section 38-77-150 has been amended. The amendment, however, is not effective until July 1, 1995.

*Insurance Co.*, 280 S.C. 149, 311 S.E. (2d) 723 (1984), this Court construed this statute to require an offer of underinsured motorist coverage "in any amount up to" the insured's liability coverage. We find the statutory language clear: had the legislature intended coverage only in an amount equal to the insured's liability limits, it would have specified coverage be offered "at" rather than "up to" that limit.

Additionally, in a recent case involving minimum liability limits, we held an offer of UIM motorist coverage at the liability limits does not comply with the requirement to offer UIM motorist coverage in any amount up to the limits of liability coverage. *American Sec. Ins. Co. v. Howard,* — S.C. —, 431 S.E. (2d) 604 (Ct. App. 1993). We are aware of no exception provided for minimum limit policies.

Allstate argues that to require it to provide UIM coverage in any amount up to the minimum limits would ignore business reality and would impose an impossible burden upon the insurance industry. We cannot affirm on this basis in view of the clear language of the statutory scheme and *Hanover. See also Holman,* — S.C. at —, 428 S.E. (2d) at 893 (noting it is not the province of the courts to perform legislative functions).

For the reasons given, we reverse the ruling of the trial court that the notices allegedly provided to Randall White constituted a valid offer of UIM motorist coverage. We remand to the trial court to reform the policies at issue to provide UIM motorist coverage up to the liability limits of the policies at issue.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.