483 S.E.2d 786

**Carl M. DURHAM, Respondent,**

v.

**UNITED COMPANIES FINANCIAL CORPORATION, Appellant,**

v.

**Gloria BAKER, Respondent.**

**No. 2638.**

Court of Appeals of South Carolina.

Heard Feb. 4, 1997.
Decided March 3, 1997.
Rehearing Denied April 24, 1997.

404

James Y. Becker, Columbia, for appellant.

John G. O'Day, West Columbia, for respondent Carl M. Durham.

Robert F. Fuller, Columbia, for respondent Gloria Baker.

GOOLSBY, Judge:

■ United Companies Financial Corporation (United) appeals an order of the trial court clearing title to Gloria Baker in certain real property upon which United had a mortgage. The trial court also denied United's claim to invalidate Baker's tax deed. The main issue on appeal involves interpretation of the notice and redemption provisions of the South Carolina tax sale statutes. We reverse and remand.[1]

---

1. Respondents have not filed a brief with this court. This court may, therefore, "take such action as it deems proper." Rule 207(a)(4), SCACR. In this case, we deem it proper to address the issues as presented to this court by appellant's brief.

## FACTS

On September 28, 1988, Carl M. Durham purchased from United a parcel of real property located in West Columbia. Durham gave United a promissory note and a mortgage on the property. The mortgage permitted United to collect a monthly escrow amount for the payment of insurance and taxes. Through a purported agreement between Durham and United, the escrow to collect taxes was never established.

The property taxes due for the 1988 tax year were prorated and collected and subsequently paid by the closing attorney. The property taxes for the 1989 tax year were not paid. The property taxes for the 1990 calendar year were paid on December 12, 1990.

On June 12, 1991, the Lexington County Treasurer–Tax Collector (Lexington County) sent a notice to Durham via certified mail stating the property had been seized for delinquent property taxes. The notice did not state which property had been seized nor which year's property taxes were due. This notice was received and signed by Durham on June 14, 1991.

Lexington County sold the property at a tax sale to Gloria Baker on October 7, 1991. On August 26, 1992, Lexington County informed Durham the property had been sold at a tax sale for the nonpayment of property taxes. The notice also informed Durham of the upcoming end of the redemption period on October 7, 1992. The notice was received and signed for by Durham on August 31, 1992. On October 7, 1992, the one-year redemption period expired.

On December 15, 1992, Lexington County mailed United a notice advising the property had been sold for nonpayment of taxes. The notice stated if United wished to protect its interest it needed to pay $1,032.10 before January 15, 1993. The certified mail receipt was signed by Dee Henderson, an employee of United, on December 17, 1992. United did not respond.

Lexington County delivered to Baker a tax deed to the property on May 6, 1993. Shortly thereafter, Baker assumed possession of the property and began collecting the rents from a tenant occupying the property.

On August 13, 1993, Durham commenced this action by filing a complaint against United alleging breach of an oral contract between Durham and United. Under the alleged oral contract, United was required to pay the property taxes for the mortgaged property upon presentation of the tax notices to United by Durham. United counterclaimed for judgment on the note.

United filed a third party complaint against Baker claiming Lexington County failed to follow the statutory procedures by not giving notice to United of the approaching end of the statutory redemption period. United sought a declaration finding the tax deed invalid and finding the mortgage was a valid lien on the property. United also sought a judgment of foreclosure and sale, an accounting of the rents and profits of the property from the time Baker entered the property, the imposition of a constructive trust on the property, restitution of the profits of the property, and the appointment of a receiver.

Baker answered and filed a cross-complaint and counter-claim asserting the validity of her title to the property and bringing a cause of action to clear title.

The trial court concluded Lexington County gave proper notice to United even though the notice came after the end of the redemption period. It therefore held United's claims were without merit and granted Baker's request to clear title.

## DISCUSSION

■ United argues Lexington County's failure to provide notice of its right to redeem the mortgaged property within the statutory one-year redemption period violated the South Carolina statutory requirements relating to tax sales. We agree.

Under the South Carolina statutory approach to tax sales of real property, once property is sold at a tax sale for nonpayment of property taxes, interested parties, including the defaulting taxpayer, mortgage creditors, and judgment creditors are allowed a one-year redemption period within which to redeem the property. S.C.Code Ann. § 12–51–90 (Supp.1996). If the defaulting taxpayer, mortgage creditor, or judgment creditor does not redeem by the end of the redemption period,

then "the person officially charged with the collection of delinquent taxes shall within thirty days or as soon thereafter as possible make a tax title to the purchaser or the purchaser's assignee." S.C.Code Ann. § 12–51–130 (Supp.1996). Before the county authorities deliver title to the tax sale purchaser, it "shall give at least thirty days' notice of the sale to a mortgagee ... in order that *the mortgagee ... may have opportunity to redeem the real estate,* as provided by law for the owner." S.C.Code Ann. § 12–49–300 (Supp.1996) (emphasis added).

United asserts the purpose of giving notice to the mortgagee under section 12–49–300 is to notify the mortgagee of the approaching end of the redemption period so the mortgagee may, if it chooses, redeem the property before the end of the redemption period. This is the same time at which the tax sale purchaser's statutory right to the property accrues. United argues, therefore, the proper interpretation of section 12–49–300 is that the notice required by the section must be given at least thirty days before the end of the redemption period.[2]

The trial court ruled the specific statutory language requires notice to a mortgagee be given at least thirty days prior to the passage of the tax title by the governmental authority. The trial court noted the provision assures that a mortgagee's opportunity to redeem cannot be cut off until after the mortgagee has received the notice required by the statute. In other words, the notice to the mortgagee need not

---

2. United offered evidence showing state and local authorities have adopted the interpretation of the relevant statutes it urges us to adopt. First, United introduced a manual written by the Comptroller General's office entitled "Procedures and Instructions Manual for County Treasurers," which provides as follows: "Several common errors, such as ... no timely notification of a defaulting taxpayer or mortgagee of the sale, or of the end of the redemption period ... are causes to void a sale."

United also offered a recent letter from the South Carolina Attorney General's office to the Comptroller General's office which confirms "notice is due under § 12–49–300 to the mortgagee 30 days before the redemption period runs."

Finally, the Lexington County tax assessor testified it is the policy of her office to provide notice to the mortgagee before the end of the redemption period. She acknowledged the notice sent to United in this case was late.

occur at least thirty days prior to the end of the redemption period, but only at least thirty days prior to the time at which the successful tax sale bidder is provided a tax deed to the property. Because Lexington County did ultimately provide notice to United thirty days before delivering the tax title to Baker and United did not redeem, the trial court ruled Lexington County followed the statutory procedures.

The primary rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Gilstrap v. South Carolina Budget and Control Bd.*, 310 S.C. 210, 423 S.E.2d 101 (1992). In construing a statute, we must read the statute as a whole and reasonably construe provisions so they are consistent with the purpose and policy of the act. *White v. Allstate Ins. Co.*, 314 S.C. 167, 442 S.E.2d 195 (1994); *Gardner v. Biggart*, 308 S.C. 331, 417 S.E.2d 858 (1992).

The trial court's interpretation of section 12–49–300 would impermissibly extend the one-year redemption period given to a defaulting taxpayer, a mortgagee, or judgment creditor under section 12–51–90. Because a party can only redeem within the one-year redemption period, it follows that any notice of a right to redeem is necessarily late if it is given after the one-year redemption period.

Instead of the trial court's conflicting interpretation of the pertinent tax sale statutes, we adopt an approach in which the mortgagee under section 12–49–300 must be given notice thirty days prior to the end of the redemption period. We conclude, therefore, the tax sale and tax deed to Baker are void. *See Donohue v. Ward*, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct.App.1989) ("the failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void"); 85 C.J.S. *Taxation* § 863, at 253 (1954) ("A notice to redeem property from a tax sale must be given within the period provided by statute, and if a notice is prematurely or tardily given it is of no effect."); 73 Am. Jur.2d *Statutes* § 254, at 425 (1974) (a court must "harmonize and reconcile laws ... and adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions").

We therefore reverse and remand to the trial court for proceedings consistent with this opinion, including, but not

limited to, commencing another tax sale of the property, conducting an accounting to determine the rents, expenses, and profits of the property from the time Baker took possession, and whether a constructive trust should be imposed on the profits for the benefit of Durham and United.

**REVERSED AND REMANDED.**

CONNOR and HUFF, JJ., concur.