503 S.E.2d 465

**Carl M. DURHAM, Respondent,**

v.

**UNITED COMPANIES FINANCIAL CORPORATION, Third–Party Plaintiff/Respondent,**

v.

**Gloria BAKER, Third–Party Defendant/Petitioner.**

**No. 24813.**

Supreme Court of South Carolina.

Heard May 27, 1998.

Decided July 13, 1998.

Robert F. Fuller, Columbia, for third-party defendant/petitioner.

James Y. Becker, of Sinkler & Boyd, P.A., Columbia, for third-party plaintiff/respondent.

John O'Day, of Kirkland, Wilson, Moore, Allen, Taylor & O'Day, P.A., West Columbia, for respondent.

BURNETT, Justice:

This Court granted a writ of certiorari to review the decision of the Court of Appeals holding the 30–day notice period in S.C.Code Ann. § 12–49–300 (Supp.1997) must be given before the end of the redemption period. *Durham v. United Companies Financial Corp.*, 326 S.C. 403, 483 S.E.2d 786 (Ct.App.1997). We reverse.

## FACTS

In 1988, respondent Carl M. Durham (Durham) purchased real property located in West Columbia from third-party plaintiff/respondent United Companies Financial Corporation

(United). Durham gave United a promissory note and mortgage. The mortgage permitted United to collect a monthly escrow amount for payment of taxes.

The property taxes were not paid for the 1989 tax year. On June 12, 1991, the Lexington County Treasurer–Tax Collector (County) sent a notice to Durham stating the property had been seized for delinquent property taxes.

County sold the property at a public auction tax sale to third-party defendant/petitioner Gloria Baker (Baker) on October 7, 1991. On August 26, 1992, County notified Durham the property had been sold and informed him the redemption period ended on October 7, 1992. Durham took no action.

On December 15, 1992, County mailed United a notice advising the property had been sold for nonpayment of taxes. The notice stated, if United wished to protect its interest in the property, payment of $1,032.10 must be received by January 15, 1993.[1] United did not respond.

County delivered Baker the tax deed to the property on May 6, 1993. Baker assumed possession of the property.

Durham brought this action against United alleging breach of the agreement to pay the property taxes. United filed a third-party complaint against Baker claiming County failed to give it the statutorily required 30–day notice before the end of the redemption period. Baker asserted her title was valid and filed a cross-claim to quiet title.

The trial court concluded County gave proper notice to United, even though the notice was given after the end of the redemption period. United appealed. The Court of Appeals reversed, declaring the tax sale and deed void. *Id.*

## ISSUE

Did the Court of Appeals err by holding the 30–day notice required by § 12–49–300 must be given during the redemption period?

---

1. It is undisputed United received this notice.

## DISCUSSION

■ The sale of the property of a defaulting taxpayer is governed by statute. *Osborne v. Vallentine*, 196 S.C. 90, 12 S.E.2d 856 (1941); *Von Elbrecht v. Jacobs*, 286 S.C. 240, 332 S.E.2d 568 (Ct.App.1985). Chapter 51 of Title 12 establishes the following procedure.

After the county treasurer issues a tax execution against a defaulting taxpayer, if the taxes remain unpaid for thirty days, a notice of delinquent taxes is mailed to the owner of record. The notice must specify that if the taxes, penalties, assessments, and costs are not paid, the property will be advertised and sold to satisfy the delinquency. If the taxes remain unpaid another thirty days, the execution officer takes exclusive possession of so much of the property as is necessary to satisfy the payment of taxes, penalties, assessments, and costs. Exclusive possession is taken by mailing a notice of delinquent property taxes, assessments, penalties, and costs to the defaulting taxpayer. S.C.Code Ann. § 12–51–40 (Supp.1997).

After a delinquent tax sale is held and the successful bidder pays the bid amount, he is furnished with a receipt but does not obtain a deed or title. S.C.Code Ann. § 12–51–60 (Supp. 1997). The defaulting taxpayer, any mortgagee, or other interested party may redeem the item of real estate by paying the delinquent taxes, assessments, penalties, costs, and interest. The redemption provision states, in part, as follows:

> The defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor may within twelve months from the date of the delinquent tax sale redeem each item of real estate by paying to the person officially charged with the collection of delinquent taxes, assessments, penalties, and costs, together with eight percent interest on the whole amount of the delinquent tax sale bid.

S.C.Code Ann. § 12–51–90 (Supp.1997).

An additional notice of the tax sale must be given to the owner of record between forty-five and twenty days prior to the end of the redemption period. S.C.Code Ann. § 12–51–120 (Supp.1997).

Thereafter,

[u]pon failure of the defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor, to redeem realty within the time period allowed for redemption, the person officially charged with the collection of delinquent taxes shall within thirty days or as soon thereafter as possible make a tax title to the purchaser or the purchaser's assignee. Delivery of the tax title to the clerk of court or register of deeds is considered "putting the purchaser (or assignee) in possession."

S.C.Code Ann. § 12–51–130 (Supp.1997).[2]

Chapter 49 contains the following provision:

When real estate is sold for taxes in a county, the sheriff, before delivering the title to real estate to the purchaser at such sale, shall give at least thirty days' notice of the sale to a mortgagee ... appearing of record ... in order that the mortgagee ... may have opportunity to redeem the real estate, as provided by law for the owner.

S.C.Code Ann. § 12–49–300 (Supp.1997).

The Court of Appeals held the County's failure to give United the notice required by § 12–49–300 within the redemption period violated the statutory requirements relating to tax sales. The Court of Appeals determined the notice must be given within the redemption period so that the mortgagee has an opportunity to redeem the property within the one-year period. *Durham v. United Companies Financial Corp., supra.* We disagree.

■ The cardinal rule of statutory construction is that the Court is to ascertain and effectuate the actual intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996). In interpreting a statute, words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Rowe v. Hyatt,* 321 S.C. 366, 468 S.E.2d 649 (1996).

---

**2.** If the real estate is redeemed, the tax sale is canceled and the successful tax purchaser is notified to return the tax sales receipt. The purchase price with interest is refunded to the tax purchaser. S.C.Code Ann. § 12–51–100 (Supp.1997).

■ The notice provisions of Chapter 51 require notice of the tax sale and redemption period be given to the defaulting taxpayer and the owner of record, but do not require notice to the mortgagee. S.C.Code Ann. § 12–51–40 and –120. Consequently, considering the tax sale procedure as a whole, it is our opinion the purpose of § 12–49–300 is to give mortgagee's notice of the tax sale and an opportunity to redeem the property.

Section 12–49–300 specifies thirty days' notice be given to the mortgagee before the tax title is delivered to the purchaser in order that the mortgagee have an opportunity to redeem the property. Contrary to § 12–51–120 which specifically requires notice be given during the redemption period, the notice requirement of § 12–49–300 is not related to the one-year redemption period. Instead, it requires the notice be given thirty days before the tax title is delivered to the purchaser. By the plain and unambiguous language of § 12–49–300, this notice could be given before or after the end of the one-year redemption period in § 12–51–90. In either event, a mortgagee has thirty days from the date of the notice required by § 12–49–300 in which to redeem the property.

United suggests allowing the notice required by § 12–49–300 to be provided after the redemption period is inconsistent with the phrase in § 12–49–300, "in order that the mortgagee ... may have opportunity to redeem such real estate, *as provided by law for the owner*." (Emphasis added). It is our opinion, "as provided by law for the owner" is included in § 12–49–300 as acknowledgment of a mortgagee's substantive right to redeem property, but is not meant to limit the redemption period to one year from the tax sale.

Finally, United argues, pursuant to § 12–51–130, the successful bidder's interest in the property vests at the close of the one-year redemption period and, therefore, if the mortgagee redeemed the property after this period, there would be a cloud on the successful bidder's title. Section 12–51–130 only refers to the "time period allowed for redemption." The time period allowed for redemption is not limited to the one-year redemption period in § 12–51–90. In our opinion, the successful bidder's interest in the property does not "vest" until after

the redemption period in § 12–51–90 and the expiration of the notice period required by § 12–49–300.

Accordingly, the opinion of the Court of Appeals is **REVERSED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.