THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Celestine
 Parker, Appellant,
 v.
 Robert Brown, Respondent.
 
 
 

Appeal From Richland County
 James R. Barber, Circuit Court Judge
Unpublished Opinion No. 2008-UP-324
Submitted May 1, 2008  Filed June 27,
 2008    
AFFIRMED

 
 
 
 Kevin A. Hall and A. Mattison Bogan, both of Columbia, for
 Appellant.
 Robert Brown, of Fort Mott, pro se.
 
 
 

PER
 CURIAM:  In this landlord-tenant
 action, the magistrate found Celestine Parker wrongfully withheld a portion of
 Robert Browns security deposit and awarded Brown treble damages.  The circuit
 court affirmed, and Parker appeals.  We affirm.
FACTS
On December 3, 2004, Parker and Brown entered
 into a six-month lease wherein Brown agreed to rent Parkers house.  Brown
 agreed to pay Parker $575 a month commencing on January 1, 2005.  The lease
 also called for Brown to pay a security deposit of $550.  According to Parker, in
 an addendum to the rental contract, the parties agreed Brown would move in on
 December 18, 2004.[1] 
 However, Brown moved in on December 15, 2004. 
Under
 the terms of the rental contact, the lease expired on June 30, 2005, but
 testimony indicates Brown left personal items in the rental property until July
 6, 2005.  Following a final inspection of the property, Parker determined Brown
 was not entitled to a full refund of his security deposit.  Instead, Parker
 refunded Brown $269.64 of the $550 deposit, making several deductions.  
Brown
 filed a complaint in magistrates court alleging Parker made unauthorized
 deductions from his security deposit and failed to return the deposit in a
 timely manner.  The magistrate awarded Brown treble damages of $1100, finding Parker
 did not itemize the deductions and send the cost of repairs or refund the
 security deposit in a timely manner.  The circuit court affirmed the award based
 upon its finding that substantial evidence supported the magistrates order. 
 This appeal followed.  
STANDARD OF REVIEW
On review from the
 circuit court, the appellate court is without authority to reverse findings of
 fact if there is any supporting evidence.  Vacation Time of Hilton Head Island,
 Inc. v. Kiwi Corp., 280 S.C. 232, 234, 312 S.E.2d 20, 21 (Ct. App.
 1984).  This court presumes an affirmance by a circuit court of a magistrates
 judgment was made upon the merits when the testimony is sufficient to sustain
 the magistrates judgment and there are no facts that show the affirmance was
 influenced by an error of law.  Parks v. Characters Night Club, 345 S.C.
 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001).  Unless we find an error of
 law, the appellate court will affirm the circuit courts holding if there are
 any facts supporting the decision.  Hadfield v. Gilchrist, 343 S.C. 88,
 94, 538 S.E.2d 268, 271 (Ct. App. 2000).
LAW/ANALYSIS

I.  Rule 208(a)(4), SCACR
Initially, Parker contends this court should reverse
 the circuit courts order, pursuant to Rule 208(a)(4), SCACR, because Brown
 failed to file an initial brief.  We disagree.
Upon the failure of
 respondent to timely file a brief, the appellate court may take such action as
 it deems proper.  Rule 208(a)(4), SCACR.  South Carolina courts have
 recognized the failure of a respondent to file a brief could justify a reversal.  Turner v. Santee Cement Carriers, Inc.,  277 S.C. 91, 96, 282
 S.E.2d 858, 860 (1981).  Furthermore, when a respondent does not file a
 brief, this court has found it proper to address the issues as presented by the
 appellant.  Durham v. United Cos. Fin. Corp.,  326 S.C. 403, 404,
 483 S.E.2d 786 (Ct. App. 1997) revd on other grounds, 331 S.C. 600, 503 S.E.2d
 465 (1998).          
Although
 Browns failure to file a brief with this court could justify reversal, we do
 not deem it proper to reverse under these facts.  The record is sufficient to
 provide this court with an understanding of the issues on appeal.  
II.  Civil Relief Act
Parker next
 maintains the circuit court erred affirming the decision of the magistrate failing
 to stay the case because co-defendant Stanley Parker was on active military duty. 
 This issue is not preserved for our review.
An issue cannot be
 raised for the first time on appeal.  In order for an issue to be preserved for
 appellate review it must be raised to and ruled upon by the circuit court.  Staubes
 v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000). 
 Error preservation requirements are intended to enable the lower court to
 rule properly after it has considered all relevant facts, law, and
 arguments.  Id. (quoting IOn v. Town of Mt. Pleasant, 338 S.C.
 406, 422, 526 S.E.2d 716, 724 (2000)).  Where the circuit court has not ruled
 on an issue, a reviewing court simply would not be able to evaluate whether
 the trial court committed error.  Id.
In the present
 case, the magistrate received a fax from Stanley Parker stating he was on
 active duty outside the state and could not be in attendance.  The record does
 not indicate a request to stay the proceedings was made pursuant to the Civil
 Relief Act.  Furthermore, even if we liberally construe Stanley Parkers fax to
 the Magistrate as an application for a stay of proceedings, Parker did not
 appeal the Magistrates denial of the request to stay to the circuit court.  Biales
 v. Young, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993) (Failure to [challenge a ruling] is an abandonment of
 the issue and precludes consideration on appeal.).  Accordingly, this issue is not preserved for our review.  Moreover,
 we fail to discern any prejudice because Stanley Parkers name was not on the
 parties contract.  Accordingly, this issue is without merit. 
III.  Security Deposit
Parker maintains the magistrate erred in finding she
 improperly withheld deductions from Browns security deposit and failed to
 return the balance in a timely manner.  We disagree.

 The South Carolina
 Residential Landlord and Tenant Act provides:
 
 (a) Upon
 termination of the tenancy, property or money held by the landlord as security
 must be returned less amounts withheld by the landlord for accrued rent and
 damages which the landlord has suffered . . . .  Any deduction from the
 security/rental deposit must be itemized by the landlord in a written notice to
 the tenant . . . within thirty days after termination of the tenancy and
 delivery of possession and demand by the tenant, whichever is later. The tenant
 shall provide the landlord in writing with a forwarding address or new address
 to which the written notice and amount due from the landlord may be sent.  If
 the tenant fails to provide the landlord with the forwarding or new address,
 the tenant is not entitled to damages under this subsection provided the
 landlord (1) had no notice of the tenants whereabouts and
 (2) mailed the written notice and amount due, if any, to the tenants last
 known address.
 (b) If the landlord fails to return to the tenant any prepaid rent
 or security/rental deposit with the notice required to be sent by the landlord
 pursuant to subsection (a), the tenant may recover the property and money in an
 amount equal to three times the amount wrongfully withheld and reasonable
 attorneys fees.
 

S.C.
 Code Ann. § 27-40-410(a)&(b) (Supp. 2007).  
Here, Parker
 determined Brown was entitled to the return of only $269.64 of his $550 security
 deposit.  Parker made the
 following deductions: (1) $24.72 for a June 2005 telephone bill; (2) $65.00 for
 landscaping; (3) $80.00 for carpet cleaning; (4) $54.99 for new locks; and (5)
 $55.65 in rental fees.  
The magistrate heard the parties testimony and determined
 Parkers deductions were unauthorized for the following reasons:  Brown
 paid the June 2005 phone bill; Parker failed to produce a receipt for landscaping
 the rental property; the receipt for carpet cleaning was post dated August 8,
 2008, and indicated a charge of only $60; it was Parkers responsibility to
 change the locks after Brown moved out; and Parker was not entitled to rent for
 three days in December 2004.  Each of these findings is supported by evidence
 in the record; therefore, the circuit
 court properly upheld the findings of the magistrate.
The magistrate
 also concluded Parker failed to return the security deposit in a timely
 manner.  Although Brown vacated the property on June 30, 2005, it appears some
 of his possessions remained there until July 6, 2005.  At the hearing, Parker stated
 she returned part of Browns security deposit on July 6, 2005.[2] 
 However, the evidence presented indicated Parker did not mail the check to Brown
 until August 6, 2005.  In addition, Parker contended she could not refund the
 security deposit because she did not have the proper forwarding address,
 although she admitted to the circuit court on appeal she possessed the address
 Brown claimed was his permanent address.  As a result, the magistrate and the
 circuit court did not err in finding Parker returned a portion of Browns
 security deposit more than thirty days following the termination of the tenancy
 and in awarding treble damages.   
Accordingly, the circuit courts order affirming the
 magistrates findings is
AFFIRMED. [3]
HEARN, C.J., and
 SHORT, J., and KONDUROS, J., concur.

[1] The addendum was not signed by either party.  
[2] On appeal to the circuit court, Parker stated Browns
 mother removed personal items from the rental property on July 7, 2005, which
 would have made Parkers mailing of the security deposit timely.  However, the
 record does not show this argument was raised to the magistrate.
[3] We decide this case without oral argument pursuant to
 Rule 215, SCACR.