**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wendy Reed, Appellant,

v.

County of Dorchester and Thomas Limehouse, Respondents.

Appellate Case No. 2019-001255

―――――――――――

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-279
Submitted June 1, 2022 – Filed June 29, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Nancy Bloodgood, of Bloodgood & Sanders, LLC, of Mt. Pleasant, for Appellant.

Jonathan J. Anderson, of Anderson Reynolds & Stephens, LLC, of Charleston, for Respondent County of Dorchester.

Thomas Limehouse, pro se.

―――――――――――

**PER CURIAM:** Wendy Reed appeals a circuit court order finding she failed to prove any ground upon which to void Dorchester County's (the County) 2012 tax sale of her property. She argues the County never asked her for proof that she was an "owner of record" when she tried to pay the delinquent 2011 taxes on a piece of family property. She also asserts the circuit court erred in failing to find she was the "defaulting taxpayer" under section 12-51-90(A) of the South Carolina Code (Supp. 2013).

"In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law." *Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004). "[T]he findings of fact of the [circuit court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [circuit court]'s findings." *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976), *abrogated on other grounds by Matter of Est. of Kay*, 423 S.C. 476, 816 S.E.2d 542 (2018).

Tax sales are governed by statute. *Osborne v. Vallentine*, 196 S.C. 90, 94-95, 12 S.E.2d 856, 858 (1941); *Von Elbrecht v. Jacobs*, 286 S.C. 240, 242, 332 S.E.2d 568, 569 (Ct. App. 1985); *Durham v. United Cos. Fin. Corp.*, 331 S.C. 600, 603, 503 S.E.2d 465, 467 (1998). Statutory law imposes limits on who can redeem delinquent property after a tax sale. The only people who can redeem are "[t]he defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor." S.C. Code Ann. § 12-51-90(A). The redemption must occur within twelve months from the date of the delinquent tax sale "by paying to the person officially charged with the collection of delinquent taxes." *Id*.

Reed admitted in her complaint that the property taxes for 2011 went unpaid and the County followed the proper requirements and procedures in providing all requisite notices for both the sale and redemption of the property. The property was sold on December 3, 2012. The redemption period ended December 4, 2013.

The last owner of record was Reed's great grandmother, Elizabeth Perry, whose sole heir was Reed's grandmother, Lucille B. Gregg. The County gave Reed a list of people eligible to redeem the property from Reed's grandmother's devisee and descent form during the redemption period. This list included Reed's father, who was deceased and whose estate was not probated. Reed was represented by counsel for at least eight months of the redemption period, and the County's attorney sent the devisee and descent form to Reed's counsel approximately two months before the redemption period ended. Reed eventually gave the County her father's death

certificate and her birth certificate, but this was in January 2015—approximately thirteen months *after* the redemption period closed in December 2013. Because Reed did not provide the County with any information showing her identity as well as her relation to the property, the owner of record (her great grandmother), or any of the heirs listed on her grandmother's devisee and descent form until well after the redemption period closed, the County was not able to discern whether she was eligible to redeem the property under section 12-51-90(A) during the redemption period.

Additionally, and contrary to Reed's position, the circuit court did not determine that Reed was not a grantee of an owner of record or that she was not a defaulting taxpayer. Rather, the circuit court determined Reed failed to provide the County with the information necessary to identify Reed as a person potentially eligible to redeem the property—such as a grantee of an owner of record or a defaulting taxpayer—during the twelve-month redemption period. Therefore, the circuit court did not err in finding Reed failed to prove any ground upon which to void the County's tax sale of the property. Thus, the order on appeal is

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.