23160

HANOVER INSURANCE COMPANY, Petitioner v. HORACE MANN IN-
SURANCE COMPANY, Kelley D. Parker, a minor, and Hugh A. Par-
ker, Jr., individually and as Parent and Guardian ad Litem for Kelley
Parker, a minor, of whom Horace Mann Insurance Company is
Respondent.

(389 S. E. (2d) 657)

Supreme Court

*James D. Brice,* of *Rainey, Britton, Gibbes & Clarkson,
P.A.,* Greenville, *for petitioner.*

*Stephen K. Haigler* and *Floyd Matlock Elliott,* both of
*Haynsworth, Marion, McKay & Guerard,* Greenville, *for
defendants.*

*G. Dewey Oxner, Jr.,* of *Haynsworth, Marion, McKay &
Guerard,* Greenville, *for respondent.*

Heard Jan. 9, 1990.

Decided Feb. 20, 1990.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the
memorandum decision of the Court of Appeals holding the

trial judge erred in granting petitioner's (Hanover's) motion for directed verdict. We reverse.

Kelley Parker, a passenger in a car owned by Daniel Loftis, sustained injuries when Loftis's car was struck by an underinsured motorist. Loftis was insured by respondent (Horace Mann) and had no underinsured motorist coverage. Parker was insured by Hanover and her policy included underinsured motorist coverage. Hanover brought this action to determine whether Loftis's policy with Horace Mann should be construed to provide primary underinsured motorist coverage for the benefit of Kelley Parker in the amount of Loftis's liability limits.

The trial judge granted Hanover's motion for directed verdict on the ground Horace Mann failed to make an effective offer of underinsured motorist coverage to Loftis and was therefore deemed to provide the contested coverage.[1] The Court of Appeals reversed finding the sufficiency of Horace Mann's offer was a jury issue.

The only issue before us is whether Horace Mann's offer was insufficient as a matter of law. It is undisputed that if Horace Mann's agent offered the coverage, the offer was to purchase coverage only in an amount equal to Loftis's liability limits. Horace Mann's agent testified that if an insured requested coverage in an amount less than his liability coverage, the agency would not issue a policy.

S. C. Code Ann. § 38-77-160 (1989)[2] provides that an automobile insurance carrier must offer, at the option of the insured, underinsured motorist coverage "up to the limits of the insured liability coverage." In *Garris v. Cincinnati Insurance Co.*, 280 S. C. 149, 311 S. E. (2d) 723 (1984), this Court construed this statute to require an offer of underinsured motorist coverage "in any amount up to" the insured's liability coverage. We find the statutory language clear: had the legislature intended coverage only in an amount equal to the insured's liability limits, it would have specified coverage be offered "at" rather than "up to" that limit.

---

[1] The trial judge specifically declined to rule on the issue whether Horace Mann's coverage was primary and this issue is not before us.

[2] Formerly codified as § 56-9-831 (Supp. 1986).

Because Horace Mann failed to make an effective offer that correctly specified operational coverage limits, its policy with Loftis is deemed reformed by operation of law to include underinsured motorist coverage at the limits of Loftis's liability coverage. *State Farm Mutual Automobile Insurance Co. v. Wannamaker*, 291 S. C. 518, 354 S. E. (2d) 555 (1987); *Davis v. State Budget and Control Board*, 298 S. C. 135, 378 S. E. (2d) 604 (Ct. App. 1989). Horace Mann contends it is inequitable to reform the contract to provide underinsured motorist coverage at the policy liability limits because it was precisely this amount of optional coverage the insured refused. We reject this argument. Even assuming the offer was made and refused, a noncomplying offer has the legal effect of no offer at all.

Accordingly, the decision of the Court of Appeals is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.