Wilbur M. LANGLEY; Frances F. Langley, Plaintiffs–Appellants,

v.

Alan D. PIERCE, M.D., Defendant–Appellee.

No. 92–1661.

United States Court of Appeals, Fourth Circuit.

April 12, 1993.

Ellis I. Kahn, Justin Simon Kahn, Solomon, Kahn, Budman & Stricker, Charleston, SC, for appellants.

James D. Brice, Edwin P. Martin, Jr., Lee B. Breland, Gibbes & Clarkson, P.A., Greenville, SC, for appellee.

## ORDER OF CERTIFICATION

### TO: THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SOUTH CAROLINA SUPREME COURT

### FACTS

The nature of the controversy is a medical malpractice action filed on behalf of Frances and Wilbur Langley, appellants here,[1] against Dr. Alan Pierce, the appellee. In July 1979 and January 1980, Mrs. Langley had two lesions removed from her right calf and sent to the laboratory in which Dr. Pierce worked for examination. Dr. Pierce microscopically examined the January 1980 specimen and reported that it was benign. In 1984 Dr. Pierce moved from South Carolina to Florida. In December 1990 Mrs. Langley had another lesion removed from her leg. This lesion was found to be malignant melanoma. The same pathologist who examined the December 1990 sample also re-examined the July 1979 and January 1980 samples and found that they, too, were malignant melanoma. On August 19, 1991, Mrs. Langley filed an action in the United States District Court, based on diversity jurisdiction, against Dr. Pierce that alleged malpractice in the misdiagnosis, and her husband filed a companion action for loss of consortium.

Defendant Pierce filed a motion for summary judgment based on the statute of repose of six years contained in S.C.Code Ann. § 15–3–545 (Law.Co-op.Supp.1992). The defendant did not argue that the statute of limitations of three years barred the claim because the parties agreed that Mrs. Langley had three years after her discovery, in 1991, of the missed diagnosis to bring her suit under the statute of limitations as distin-

guished from the statute of repose. However, the district court relied on the statute of repose, also contained in section 15–3–545, and granted the defendant's motion for summary judgment. An appeal to this court followed.

### CONTENTIONS OF THE PARTIES

It is the contention of the appellants that the six-year statute of repose contained in section 15–3–545 was tolled under S.C.Code Ann. § 15–3–30 (Law.Co-op.1976) when Dr. Pierce left the state in 1984. Appellants rely primarily on *Jenkins v. Meares*, 302 S.C. 142, 394 S.E.2d 317 (1990); *Smith v. Mitchell*, 24 S.C.L. (Rice) 316 (1839); a plethora of cases that apply the tolling provision to statutes of limitation, see, e.g., *Cutino v. Ramsey*, 285 S.C. 74, 328 S.E.2d 72 (1985); and on the language in section 15–3–30 which states that the tolling provision applies to "this chapter." S.C.Code Ann. § 15–3–30 (Law.Co-op.1976).

Appellee contends that the tolling provision of section 15–3–30 applies only to the statute of limitations contained in section 15–3–545(B) and not to the statute of repose. Appellee relies on *Dandy v. American Laundry Mach., Inc.*, 301 S.C. 24, 389 S.E.2d 866 (1990); *Hoffman v. Powell*, 298 S.C. 338, 380 S.E.2d 821 (1989); *Smith v. Smith*, 291 S.C. 420, 354 S.E.2d 36 (1987); *Harris v. Dunlap*, 285 S.C. 226, 328 S.E.2d 908 (1985); and *Cutino v. Ramsey*, 285 S.C. 74, 328 S.E.2d 72 (1985).

The parties admit, however, that there is no controlling precedent in South Carolina law that addresses the exact controversy between the parties.

### QUESTIONS

Because the resolution of the contentions of the parties is a matter of South Carolina law, and it appears to us that there is no controlling precedent on point in the decisions of the Supreme Court of South Carolina, we believe proper to certify to the Supreme Court of South Carolina for deci-

---

1. Mrs. Frances Langley died after the commencement of this action, but at the time of oral argument no party had been substituted. Her husband, Wilbur Langley, has been a party to this action since its filing.

**38**

sion the question in this case under S.C.App. Ct.R. 228.

Was the statute of repose contained in S.C.Code Ann. § 15-3-545 (Law.Co-op. Supp.1992) tolled by S.C.Code Ann. § 15-3-30 (Law. Co-op.1976) when Dr. Pierce moved from South Carolina in 1984?

This certification is made with the concurrence of Judge WIDENER and Judge NIEMEYER.

SAM J. ERVIN, III
Chief Judge