Wilbur M. LANGLEY; Marguerite L. Petersen, Personal Representative of the Estate of Frances F. Langley, Plaintiffs–Appellants,

v.

Alan D. PIERCE, M.D.,
Defendant–Appellee.

No. 92–1661.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1992.

Decided Jan. 20, 1994.

**ARGUED:** Ellis I. Kahn, Justin Simon Kahn, Solomon, Kahn, Budman & Stricker, Charleston, SC, for Appellants. James D. Brice, Gibbes & Clarkson, P.A., Greenville, SC, for Appellee. **ON BRIEF:** Edwin P. Martin, Jr., Lee B. Breland, Gibbes & Clarkson, P.A., Greenville, SC, for Appellee.

Before ERVIN, Chief Judge, and WIDENER and NIEMEYER, Circuit Judges.

### OPINION

PER CURIAM:

This dispute arises out of a medical malpractice action.* On August 19, 1991, Mrs. Langley filed an action based on diversity of citizenship in the United States District Court for the District of South Carolina, Anderson Division, against her former doctor, Alan Pierce. Dr. Pierce moved for summary judgment in the district court on the basis of South Carolina's statute of repose, S.C.Code Ann. § 15–3–545 (Law.Co-op. Supp.1992). Mrs. Langley opposed summary judgment based on the tolling provision of S.C.Code Ann. § 15–3–30 (Law.Co-op.1976), which she argued tolled the statute of repose when defendant Pierce moved out of the state in 1984. The district court stated that the tolling provision applied only to the statute of limitations and held that it did not apply to the statute of repose. It entered summary judgment in favor of defendant Pierce. *Langley v. Pierce,* Nos. 8:91–2474–

---

* The background facts of this dispute are recounted in our certification order at 993 F.2d 36.

20 & –2475–20, 1992 WL 565226 (D.S.C. April 29, 1992).

We heard oral argument in this matter on December 3, 1992 and concluded that certification of the question to the South Carolina Supreme Court was warranted. We therefore certified the following question:

> Was the statute of repose contained in S.C.Code Ann. § 15–3–345 (Law.Co-op. Supp.1992) tolled by S.C.Code Ann. § 15–3–30 (Law.Co-op.1976) when Dr. Pierce moved from South Carolina in 1984?

*Langley v. Pierce,* 993 F.2d 36 (4th Cir.1993) (certification order).

The South Carolina Supreme Court accepted the question and filed its opinion on November 8, 1993. That Court held that the statute of repose was not tolled when Dr. Pierce moved out of the state in 1984. *Langley v. Pierce,* —— S.C. ——, ——, 438 S.E.2d 242 (S.C.1993).

Mrs. Langley's attorney has advised us by letter that rehearing in the South Carolina Supreme Court will not be sought in this matter. In addition, both parties have informed us by separate letters dated December 2, 1993 that there is no reason that this court should not enter judgment affirming the district court.

Accordingly, we affirm the judgment of the district court for the reasons expressed in its opinion and on the opinion of the South Carolina Supreme Court in *Langley v. Pierce,* —— S.C. ——, ——, 438 S.E.2d 242 (S.C.1993).

*AFFIRMED.*

