24487

Virgie A. BUTLER, Appellant v.
UNISUN INSURANCE COMPANY, Respondent.

(475 S.E. (2d) 758)

Supreme Court

---

*E. Paul Gibson* and *Allison A. Stover,* both of *Riesen Law Offices, L.L.P.,* North Charleston, *for Appellant.*

*Thomas H. Hesse,* of *Wise, Pratt-Thomas, Pearce, Epting & Walker, P.A.,* Charleston, *for Respondent.*

*Henry E. Grimball,* of *Grimball & Cabaniss,* Charleston, *for Amicus Curiae Nationwide Mutual Automobile Insurance Co.* and *State Farm Mutual Automobile Insurance Co.*

Heard Feb. 21, 1996.

Decided Sept. 3, 1996; Reh. Den. Oct. 7, 1996.

TOAL, Justice:

In this declaratory judgment action arising out of a dispute over underinsured motorist coverage, Virgie A. Butler appeals the circuit court's grant of summary judgment to Unisun Insurance Company. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Butler purchased an automobile insurance policy from Unisun Insurance Company ("Insurance Company") in November 1992. In April 1993, she was injured in an automobile accident. The other party involved in the accident did not have sufficient liability coverage to fully compensate Butler.

Butler filed this declaratory judgment action, praying for a declaration that underinsured motorist ("UIM") coverage was part of her automobile insurance policy, because Insurance Company was required under S.C. Code Ann. § 38-77-160 (Supp. 1995) to offer UIM coverage below the minimum liability limits. The parties have stipulated that Butler rejected UIM coverage on a form prescribed by, and in compliance with, S.C. Code Ann. § 38-77-350 (Supp. 1995). The statutory form signed by Butler did not offer UIM coverage below the minimum limits of $15,000 per person and $30,000 per accident.

The parties moved for summary judgment. The circuit court granted Insurance Company's motion and found the company had complied with section 38-77-350 by using a form approved by the Chief Insurance Commissioner; therefore, Butler was not entitled to a reformation of her policy to include UIM coverage.

Butler has appealed, contending the court erred in finding that Insurance Company need not afford her UIM coverage and that it made a meaningful offer of coverage. We agree.

## LAW/ANALYSIS

S.C. Code Ann. § 38-77-160 provides that automobile insurance carriers "shall . . . offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage." This Court and the Court of Appeals have issued a number of opinions interpreting and applying this statutory provision and its predecessors. *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 311 S.E. (2d) 723 (1984) held that underinsured motorist coverage in any amount up to the insured's liability coverage must be offered to a policyholder. In *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987), we adopted a four-element test for determining whether an insurer has complied with its duty to offer optional coverages: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

In *Hanover Ins. Co. v. Horace Mann Ins. Co.*, 301 S.C. 55,

56, 389 S.E. (2d) 657, 658 (1990), this Court interpreted section 38-77-160 "to require an offer of underinsured motorist coverage 'in any amount up to' the insured's liability coverage. We find the statutory language clear: had the legislature intended coverage only in an amount equal to the insured's liability limits, it would have specified coverage be offered 'at' rather than 'up to' that limit." The case also declared that "a noncomplying offer has the legal effect of no offer at all." *Id.* at 57, 389 S.E. (2d) at 659.

The Court of Appeals, in *Jackson v. State Farm Mut. Auto. Ins. Co.*, 301 S.C. 440, 392 S.E. (2d) 472 (Ct. App. 1990), *aff'd as modified*, 303 S.C. 321, 400 S.E. (2d) 492 (1991), held that the insurance company had failed to demonstrate a meaningful offer of UIM coverage, where, among other reasons, the form did not specify the limits of the coverage in dollar amounts, and it failed to state the amount of the additional premium the insured must pay for UIM coverage at the specified limits. That Court further held in *White v. Allstate Ins. Co.*, 314 S.C. 167, 442 S.E. (2d) 195 (Ct. App. 1994) that an offer of UIM was invalid, because it failed to offer coverage below the minimum liability limits.

Decisions have also stated that the insurer has the initial burden of proving that a meaningful offer of optional coverage had been made to the insured. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 303 S.C. 321, 400 S.E. (2d) 492 (1991); *Knight v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 20, 374 S.E. (2d) 520 (Ct. App. 1988), *cert. denied*, 298 S.C. 203, 379 S.E. (2d) 133 (1989). If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured. *Dewart v. State Farm Mut. Auto. Ins. Co.*, 296 S.C. 150, 370 S.E. (2d) 915 (Ct. App. 1988).

The preceding constitutes the legal backdrop for the issues in dispute in the present case. In 1989 the Legislature passed an act, which came to be codified as section 38-77-350, specifying the form to be used when optional coverages are offered. Until July 1, 1995,[1] the provision stated

[1] The major difference between the provision before and after July 1, 1995 is that in the letter, the director or his designee, rather than the Chief Insurance Commissioner, "shall approve a form."

in relevant part:

> (A) . . . [T]he Chief Insurance Commissioner shall approve a form which automobile insurers shall use in offering optional coverages required to be offered pursuant to law to applicants for automobile insurance policies. This form must be used by insurers for all new applicants. . . . *The form, at a minimum, must provide for each optional coverage required to be offered:*
> (1) a brief and concise explanation of the coverage,
> (2) a list of available limits and the range of premiums for the limits,
> (3) a space for the insured to mark whether the insured chooses to accept or reject the coverage and a space for the insured to select the limits of coverage he desires,
> (4) a space for the insured to sign the form which acknowledges that he has been offered the optional coverages,
> (5) the mailing address and telephone number of the Insurance Department which the applicant may contact if the applicant has any questions that the insurance agent is unable to answer.
> (B) *If this form is properly completed and executed by the named insured it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor any insurance agent has any liability to the named insured or any other insured under the policy for the insured's failure to purchase any optional coverage or higher limits.*
>
> \*   \*   \*   \*   \*
>
> (D) Compliance with this section satisfies the insurer and agent's duty to explain and offer optional coverages and higher limits and no person, including, but not limited to, an insurer and insurance agent is liable in an action for damages on account of the selection or rejection made by the named insured.

S.C. Code Ann. § 38-77-350 (Emphasis added).

The circuit court in the present case found this statute applicable and held that Insurance Company had satisfied its

provisions; therefore, Insurance Company was not liable for the insured's failure to purchase UIM coverage. On appeal, Butler argues that section 38-77-350 does not control, because Insurance Company failed to offer UIM coverage in amounts less than the minimum liability limits of the policy, as required by section 38-77-160.

The precise issue in this case was decided by the Court of Appeals in *Osborne v. Allstate Ins. Co.*, — S.C. —, 462 S.E. (2d) 291 (Ct. App. 1995).[2] *Osborne* held that section 38-77-350 did not modify the requirements of section 38-77-160 as to what coverage must be offered by insurers; hence, although the Insurance Commissioner "shall approve a form which automobile insurers shall use in offering optional coverages," he has no discretion to approve offers that do not make it clear to applicants that they may obtain UIM coverage for amounts less than the minimum liability coverages required by section 38-77-160. Under different facts, *Holt v. State Farm Mut. Auto. Ins. Co.*, 870 F. Supp. 658 (D.S.C. 1994), had, prior to *Osborne*, addressed the same question. *Holt* concluded that section 38-77-350 indicated a legislative intent to prescribe a particular form for the offering of optional coverages, and this statute controlled to the extent it was in conflict with section 38-77-160.

We are essentially faced with the decision of choosing between the approaches of *Osborne* or *Holt*. The primary argument in favor of *Osborne* is that when enacting section 38-77-350, the Legislature did not intend to repeal section 38-77-160. We are persuaded by this argument. Section 38-77-160 was first enacted in 1978 and was amended in 1989 and 1994. Section 38-77-350 was enacted in 1989 and amended in 1993 and 1994. The enactment of section 38-77-350 in 1989 and the amendment of section 38-77-160 in the same year provide evidence that the Legislature was aware of the existence of both provisions. The Legislature could easily have amended or repealed section 38-77-160's requirement of the offering of UIM coverage "up to the limits of the insured liability coverage." It did not do so. Because the law does not favor implied repeal of statutes, section 38-77-160 must be construed as continuing to be effective. *See Lewis v. Gaddy,*

---

[2] Insurance Company filed, under Rules 217, 224, SCACR, a motion to argue against precedent.

254 S.C. 66, 70, 173 S.E. (2d) 376, 378 (1970) ("[R]epeal by implication is not favored, and a law should not be construed as impliedly repealing a prior law unless no other reasonable construction can be applied.").

■ Statutes dealing with same subject matter must be reconciled, if possible, so as to render both operative. *Greene v. South Carolina Election Comm'n*, 314 S.C. 449, 445 S.E. (2d) 451, *cert. denied*, — U.S. —, 115 S.Ct. 580, 130 L. Ed. (2d) 495 (1994). Here, it is possible to reconcile sections 38-77-160 and 38-77-350 so as to render both operative. Section 38-77-160 states that UIM coverage must be offered "up to the limits of the insured liability coverage." Section 38-77-350(A)(2) sets forth among the minimum requirements of an optional coverage form, "a list of available limits and the range of premiums for the limits." This latter provision may be read so as to include UIM coverage "up to the limits" of the coverage.

For example, in *Osborne*, the Court of Appeals found that the requirements of section 38-77-350, as they interact with section 38-77-160, were satisfied by the following provision in the Insurance Commissioner's form:

> Some of the more commonly sold limits of underinsured motorist coverage, together with the additional premiums you will be charged, are shown upon this Form. If there are other limits in which you are interested, but which are not shown upon this Form, then fill in those limits. If your insurance company is allowed to market those limits within this State, your insurance agent will fill-in the amount of increased premium.

*Osborne*, — S.C. at —, 462 S.E. (2d) at 295. Not only may the two provisions be reconciled, but the above forms shows that the statutory requirements may be practically applied.[3]

## CONCLUSION

Section 38-77-350 does not modify the requirement of section 38-77-160 that insurance companies offer UIM coverage

---

[3] This addresses one of the primary objections raised in the *Holt* decision, wherein the District Court argued that the requirements of section 38-77-160 should be rejected on the basis of the enactment of section 38-77-350, because the requirements were cumbersome and commercially unreasonable.

up to the limits of the insured liability coverage. Because Insurance Company failed to offer UIM coverage up to the limits of the liability coverage, Butler is entitled to a reformation of her policy. Based on the foregoing, the circuit court's order is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.