489 S.E.2d 661

**Pamela L. NORWOOD, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

**No. 2690.**

Court of Appeals of South Carolina.

Submitted June 3, 1997.

Decided June 30, 1997.

Rehearing Denied Sept. 3, 1997.

---

504

Eugene C. Covington, Jr., of Covington, Patrick, Hagins & Lewis, Greenville, for appellant.

W. Francis Marion, Jr., of Haynsworth, Marion, McKay & Guerard, Greenville, for respondent.

GOOLSBY, Judge:

Pamela L. Norwood brought this declaratory judgment action against Allstate Insurance Company (Allstate), her automobile insurance carrier, seeking a declaration that underinsured motorist (UIM) coverage was part of her insurance policy. The trial court granted Allstate's motion for summary judgment. Norwood appeals. The main issue on appeal concerns whether Allstate made a valid offer of UIM cover-

age. We hold Allstate made a valid offer and therefore affirm.[1]

## BACKGROUND

On August 17, 1994, Norwood was a passenger in her vehicle driven by her husband. The vehicle ran off the road and struck a tree, causing Norwood to suffer substantial injuries.

Norwood was insured under an Allstate automobile insurance policy. When Norwood purchased the policy, she selected liability limits of 25/50/25. Norwood expressly rejected UIM coverage.

Allstate paid Norwood $25,000 in liability coverage, but refused to pay Norwood's claim for UIM coverage. Norwood brought this action seeking to reform the policy to include UIM coverage, claiming Allstate failed to make a meaningful offer of UIM coverage under S.C.Code Ann. § 38–77–160 (Supp.1996). The trial court granted Allstate's motion for summary judgment, holding Allstate made a valid offer of UIM coverage.

## DISCUSSION

■ To determine whether an insurer has complied with its duty to offer optional coverages and thus make a meaningful offer of UIM coverage, the court must consider the following factors: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told optional coverages are available for an additional premium. *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E.2d 555 (1987). If the insurer fails to make a meaningful offer of UIM coverage, the court will reform the insured's policy to include UIM coverage up to the insured's liability coverage. *Dewart v. State Farm Mut. Auto. Ins. Co.*, 296 S.C. 150, 370 S.E.2d 915 (Ct.App.1988).

---

1. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

Section 38–77–160 requires automobile insurance carriers to offer, at the option of the insured, UIM coverage "up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist...." S.C.Code Ann. § 38–77–160 (Supp.1996). Our courts have interpreted section 38–77–160 as requiring insurers to offer UIM coverage to the insured "in any amount up to the insured's liability coverage." *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 154, 311 S.E.2d 723, 726 (1984).

In *Osborne v. Allstate Ins. Co.*, 319 S.C. 479, 462 S.E.2d 291 (Ct.App.1995), *cert. granted*, (Mar. 7, 1996), the insureds had liability coverage of 15/30/5, the minimum amount of coverage that insurers must offer pursuant to S.C.Code Ann. § 38–77–140 (1989). This court held the insurer's offer of UIM coverage to the insureds was ineffective because the insurer's form did not indicate that "UIM coverage could be obtained in amounts less than the minimum liability limits of their policy." *Id.* at 488, 462 S.E.2d at 296.

Similarly, in *Butler v. Unisun Ins. Co.*, 323 S.C. 402, 475 S.E.2d 758 (1996), our supreme court decided whether an insurer met the requirements of section 38–77–160 where "[t]he statutory form signed by . . . [the insured] did not offer UIM coverage below the minimum limits of $15,000 per person and $30,000 per accident." *Id.* at 404, 475 S.E.2d at 759. The court held an insurer's failure to offer "UIM coverage up to the limits of the liability coverage" was ineffective and the court reformed the policy to include UIM coverage. *Id.* at 408, 475 S.E.2d at 761.

■ We disagree with Norwood's contention that the trial court erred in holding Allstate made a valid offer of UIM coverage. Here, Allstate specifically offered Norwood three choices of UIM coverage up to Norwood's 25/50/25 liability limits: 15/30/5, 15/30/10, and 25/50/10. Moreover, Allstate's offer form indicated Norwood could purchase UIM coverage "up to" her liability limits. The offer form also instructs Norwood how to either increase or decrease her limits of UIM coverage. Norwood had the ability, therefore, to select varying amounts of UIM coverage up to the liability limits of her policy.

Under these circumstances, Allstate satisfied its obligation to make a valid offer of UIM coverage in any amount up to Norwood's liability coverage. Allstate's inclusion of at least three specific options of UIM coverage below Norwood's liability limits coupled with the plain language of Allstate's offer form notifying Norwood that she could increase or decrease her UIM coverage satisfied the requirements of section 38–77–160. *See Thompson v. Continental Ins. Cos.*, 291 S.C. 47, 52, 351 S.E.2d 904, 907 (Ct.App.1986) (the court must interpret an insurance contract "in light of the whole of its provisions and give[ ] this language, as it must, its plain and ordinary meaning").

Apart from that, Norwood expressly rejected Allstate's offer of UIM coverage in any amount by signing a statement declaring she did not wish to purchase UIM coverage.

Finally, we are satisfied Norwood understood she could have purchased UIM coverage in any amount up to the limits of her liability coverage. The completed offer form wherein Norwood expressly rejected UIM coverage indicates Norwood selected uninsured motorist (UM) coverage by deleting a specific offer on the form and inserting different coverage limits. The language of the offer form concerning UM coverage is practically identical to the language concerning UIM coverage in that it clearly indicated Norwood could increase or decrease her limits of UM coverage.

**AFFIRMED.**

HOWELL, C.J., and ANDERSON, J., concur.