512 S.E.2d 530

**Grover WILKES and Lori Wilkes, Appellants,**

**v.**

**David FREEMAN, State Farm Mutual Automobile Insurance Company, and Horace Mann Insurance Company,**

**of whom Horace Mann Insurance Company is, Respondent.**

**No. 2935.**

Court of Appeals of South Carolina.

Submitted Jan. 12, 1999.

Decided Feb. 1, 1999.

Rehearing Denied March 27, 1999.

---

Harry R. Easterling, Jr., of Goldberg & Easterling, of Bennettsville; and Robert J. Thomas, of Rogers, Townsend & Thomas, of Columbia, for appellants.

Michael M. Nunn, of Coleman, Aiken & Chase, of Florence, for respondent.

HOWELL, Chief Judge:

In this action, Grover and Lori Wilkes allege Horace Mann Insurance Company (Horace Mann) failed to provide a meaningful offer of underinsured motorist (UIM) coverage by failing to provide UIM coverage "up to" Lori Wilkes's liability coverage limits. The circuit court refused to reform Lori Wilkes's insurance policy to include UIM coverage. The Wilkeses appeal. We reverse.

I.

In 1988, Lori Wilkes obtained an automobile liability insurance policy from Horace Mann. It provided bodily injury limits of $25,000 per person per accident with a maximum of $50,000 for all persons per accident and property damage limits of $25,000 per accident. The policy covered Lori Wilkes's 1981 Ford Mustang and omitted UIM coverage. The parties stipulated that if Lori Wilkes testified, she would state that someone other than herself signed the insurance policy's application and the forms rejecting additional coverages, including UIM coverage. Lori Wilkes admitted signing a form rejecting additional coverage when renewing the policy in 1990. Eventually, she purchased UIM coverage from Horace Mann in 1995.

Horace Mann offered UIM coverage on a form approved by the South Carolina Department of Insurance. Horace Mann's UIM coverage explanation states that "[a]ll of the limits of underinsured motor vehicle coverage we sell, together with the additional premiums you will be charged, are shown on this form." Horace Mann's UIM offer form proposed amounts of (1) $15,000 per person/$30,000 per accident, (2) $20,000 per person/$40,000 per accident, and (3) $25,000 per person/$50,000 per accident. Horace Mann lacked authoriza-

tion to issue UIM coverage for amounts other than those listed in its offer form.

In July 1992, Grover Wilkes sustained injuries as a passenger in a single car accident. David Freeman operated the vehicle involved in the accident. On June 30, 1994, the Wilkeses filed suit against Freeman, State Farm Mutual Automobile Insurance Company (Freeman's insurance company), and Horace Mann Insurance Company (the Wilkeses' insurance company). Grover Wilkes claimed physical injury and Lori Wilkes claimed loss of consortium. Together, their damages exceed the liability limits of Freeman's coverage. The Wilkeses settled their complaints against Freeman and State Farm for the limits of Freeman's State Farm liability and UIM coverage. The Wilkeses and Horace Mann agreed to continue the damages trial pending a decision by the court on the issue of whether Lori Wilkes's insurance policy must be reformed to include UIM coverage.

The circuit court initially reformed the Horace Mann policy to include UIM coverage. The court concluded that Horace Mann's offer form failed to make a meaningful offer by failing to offer UIM coverage in amounts less than minimum liability policy limits of $15,000 and omitting any provision permitting applicants to inquire about coverage amounts not offered on the form. Horace Mann filed a motion to reconsider relying on this Court's decision in *Norwood v. Allstate Ins. Co.*, 327 S.C. 503, 489 S.E.2d 661 (Ct.App.1997). Upon rehearing, the circuit court found *Norwood* controlling and concluded Horace Mann made a meaningful offer of UIM coverage which the Wilkeses then rejected. Accordingly, the circuit court refused to reform the policy to include UIM coverage.

## II.

■ The Wilkeses argue Horace Mann failed to offer UIM coverage "up to" liability coverage limits by not providing coverage in amounts under the basic liability policy amounts or providing applicants the opportunity to request UIM coverage in amounts not listed on the offer form. We agree.

■ S.C.Code Ann. § 38–77–160 (Supp.1998) provides that automobile insurance carriers "shall also offer, at the option of the insured, underinsured motorist coverage *up to the limits*

*of the insured liability coverage.*" (emphasis added). "Our courts have interpreted section 38–77–160 as requiring insurers to offer UIM coverage to the insured 'in any amount up to the insured's liability coverage.'" *Norwood,* 327 S.C. 503, 506, 489 S.E.2d 661, 662 (Ct.App.1997) (quoting *Garris v. Cincinnati Ins. Co.,* 280 S.C. 149, 154, 311 S.E.2d 723, 726 (1984)).

To determine whether an insurer has complied with its duty to offer optional coverages and thus [made] a meaningful offer of UIM coverage, the court must consider the following factors: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told optional coverages are available for an additional premium.

*Norwood,* 327 S.C. at 505, 489 S.E.2d at 662 (citing *State Farm Mut. Auto. Ins. Co. v. Wannamaker,* 291 S.C. 518, 354 S.E.2d 555 (1987)). The insurer bears the burden of establishing it presented a meaningful offer of UIM coverage. *See Butler v. Unisun Ins. Co.,* 323 S.C. 402, 405, 475 S.E.2d 758, 759 (1996); *Ackerman v. Travelers Indem. Co.,* 318 S.C. 137, 143–44, 456 S.E.2d 408, 411 (Ct.App.1995). "[A] noncomplying offer has the legal effect of no offer at all." *Hanover Ins. Co. v. Horace Mann Ins. Co.,* 301 S.C. 55, 57, 389 S.E.2d 657, 659 (1990).

Horace Mann failed to present a meaningful offer of UIM coverage because it failed to offer UIM coverage "in *any* amount up to the limits of the insured's liability coverage." *Norwood,* 327 S.C. at 506, 489 S.E.2d at 662 (citation omitted) (emphasis added). Horace Mann's UIM explanation states "[*a* ]*ll* of the limits of underinsured motor vehicle coverage we sell, together with the additional premiums you will be charged, are shown on this form." (emphasis added). Although Horace Mann's offer form showed three rates equal to or less than Lori Wilkes's liability coverage, the form fails to provide any indication that applicants may request other coverage amounts. These facts, coupled with recent case law, compel us to reverse the trial court and reform the policy to include UIM coverage up to Lori Wilkes's liability coverage. *See Norwood,* 327 S.C. at 505, 489 S.E.2d at 662 (stating that a

court will reform an insurance policy to include UIM coverage up to the insured's liability coverage when insurer fails to make a meaningful offer of UIM coverage).

■ In its argument, Horace Mann notes that its form has been approved by the Commissioner of Insurance. This fact does not change our analysis of this case. S.C.Code Ann. § 38–77–350 (Supp.1998) "requires an insurer to use a form approved by the Chief Insurance Commission[er] when offering óptional coverages, including UIM, and by using the approved form the offer is conclusively presumed to be effective." *Osborne v. Allstate Ins. Co.*, 319 S.C. 479, 485, 462 S.E.2d 291, 294 (Ct.App.1995). Nevertheless, section 38–77–350 must be read in conjunction with section 38–77–160. *See id.* at 486, 462 S.E.2d at 295.

[I]f the form presented by an insurer to the Commissioner does not include an offer of the optional coverage required by law to be offered to applicants for automobile insurance, or does not include the items listed in the statute, the Commissioner could not legally approve the form, and the insurer would not benefit from the protections of § 38–77–350.

*Id.* at 486, 462 S.E.2d at 295. Therefore, if an insurer's form offering UIM coverage fails to contain provisions similar to the Commissioner's form or fails to comply with sections 38–77–350 or 38–77–160, the insurer is not entitled to protection under section 38–77–350(B), even if the Commissioner approved the insurer's form. *Id.* at 486–87, 462 S.E.2d at 295.

■ However, Horace Mann claims that our decision in *Norwood,* decided after *Osborne,* held that an insurer need only include on its offer form *various* options of UIM coverage in amounts "up to" the amount of the applicant's liability limits, as opposed to listing coverage in *every* amount "up to" the applicant's liability limits. As a consequence, Horace Mann contends we must affirm the trial court in this case. We disagree. While an insurer does not need to list every possible coverage limit combination, *see Norwood,* 327 S.C. at 506–07, 489 S.E.2d at 663, merely listing several available options without providing a clear description on how the applicant may request other limits is insufficient to discharge

the insurer's duty under section 38–77–160. *See Osborne,* 319 S.C. at 486–88, 462 S.E.2d at 295–96.

In *Norwood,* the insured argued the insurer failed to present a meaningful offer of UIM coverage where the offer presented three choices of UIM coverage below the insured's policy limits and the offer notified the insured that she could increase or decrease her UIM coverage. *Norwood,* 327 S.C. at 506–07, 489 S.E.2d at 663. This Court upheld the insurer's offer as meaningful because the insurer included "at least three specific options of UIM coverage below [insured's] liability limits *coupled with the plain language of Allstate's offer form notifying [insured] that she could increase or decrease her UIM coverage.*" *Id.* at 507, 489 S.E.2d at 663 (emphasis added). The emphasized language makes *Norwood* consistent with *Osborne:* An insurer's form offering UIM coverage to a new applicant must contain language describing how the insured may request coverage "up to" his liability limits, but different from those amounts listed on the insurer's form.

In the case at bar, although Horace Mann offered two UIM coverage options below Lori Wilkes's liability limits, Horace Mann failed to provide Lori Wilkes with any opportunity to request UIM coverage at alternate coverage amounts. This amounts to a failure to offer UIM coverage "up to" the limits of Lori Wilkes's liability coverage. *See Osborne,* 319 S.C. at 487, 462 S.E.2d at 295 (In addition to finding insurer unprotected by section 38–77–350, the insurer failed to give a meaningful offer under section 38–77–160 because the UIM offer form failed to contain a provision similar to the Commissioner's form which stated "[i]f there are other limits in which you are interested, but which are not shown upon this Form, then fill-in those limits. If your insurance company is allowed to market those limits within this State, your insurance agent will fill in the amount of increased premium.").

■ In conclusion, because Horace Mann failed to offer UIM coverage "up to" Lori Wilkes's liability coverage, Grover and Lori Wilkes are entitled to a reformation of their policy by operation of law to include UIM coverage up to the limits of Lori Wilkes's liability insurance. *See Butler,* 323 S.C. at 409, 475 S.E.2d at 761 (ordering reformation of an automobile insurance policy to include UIM coverage up to insured's

liability coverage where insurer failed to offer UIM coverage up to the limits of liability coverage by failing to offer UIM coverage below the minimum liability coverage amounts).

**REVERSED.**

ANDERSON and STILWELL, JJ., concur.