**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLORIA JEAN ROBERTS,
Plaintiff-Appellee,

v.

USAA CASUALTY INSURANCE
COMPANY,
Defendant-Appellant,

and

STATE FARM FIRE AND CASUALTY
COMPANY; FIRST OF GEORGIA
INSURANCE COMPANY; STATE FARM
MUTUAL COMPANY; JOHN FRANK
MURRAY; JOHN IVEY, d/b/a Ivey
Construction and Maintenance
Company,
Defendants.

No. 97-2410

Appeal from the United States District Court
for the District of South Carolina at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-96-311-1-6)

Argued: October 30, 1998

Decided: February 5, 1999

Before LUTTIG, Circuit Judge, BUTZNER, Senior Circuit Judge,
and THORNBURG, United States District Judge for the Western
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Clarke W. McCants, III, NANCE & MCCANTS, Aiken, South Carolina, for Appellant. Stephen H. Cook, KOON & COOK, P.A., Columbia, South Carolina, for Appellee. **ON BRIEF:** Elizabeth L. Cook, KOON & COOK, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The USAA Casualty Insurance Company appeals from a summary judgment granted in a declaratory judgment action in favor of its insured, Gloria Jean Roberts, who was seeking reformation of her liability insurance policy with USAA to include underinsured motorist coverage. South Carolina law governs this diversity case. We affirm.

I

Roberts was injured in an automobile accident in Aiken, South Carolina. She brought a civil action against defendants Frank Murray, John Ivey, and Ivey Construction and Maintenance Company, which is pending in the district court. Because she was concerned that the defendants' insurance was insufficient to satisfy her damages, she sought a declaration that her USAA policy included underinsured motorist coverage. At the time of the accident, Roberts was insured by a liability policy with USAA which provided liability coverage for bodily injury in the amount of $100,000 per person, per accident, with a maximum liability coverage of $300,000 per accident. Additionally, the policy contained liability coverage for property damage in the amount of $50,000 (100/300/50). Roberts declined USAA's offer of underinsured motorist coverage when she applied for the policy.

2

South Carolina Code § 38-77-160 provides in part that an insurance carrier shall "offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage . . . ." The primary issue in this case is whether USAA's offer to Roberts of underinsured motorist coverage complied with this statute. Butler v. Unisun Ins. Co., 323 S.C. 402, 475 S.E.2d 758 (1996), held that an offer of underinsured motorist coverage that did not include limits below the minimum liability limits of $15,000 per person, $30,000 per accident, and $5,000 property damage did not comply with § 38-77-160. The minimum liability limits to which Butler referred are mandated by § 38-77-140 and may be expressed as 15/30/5.

In Butler the insured, like Roberts, expressly declined all underinsured motorist coverage, but the South Carolina court considered this no bar to the insured's action. USAA, like the insurance company in Butler, did not offer its insured, Roberts, underinsured motorist coverage in amounts below the liability limits of 15/30/5. This omission, the court concluded, did not comply with the requirements of § 38-77-160 to offer "underinsured motorist coverage up to the limits of the insured liability coverage."

After careful analysis, the district court concluded that Butler justified summary judgment in favor of Roberts, and it denied USAA's motion for summary judgment.

II

The second issue pertains to the reformation of the policy that USAA issued to Roberts. USAA contends that reformation should be based on the mandatory limits of 15/30/5. Roberts claims that the reformation should be based on the limits of her liability coverage, 100/300/50.

Butler held that the insured was entitled to reformation of the policy. The answer to the question of what limits the reformed policy must provide is found in Dewart v. State Farm Mut. Auto. Ins. Co., 296 S.C. 150, 155, 370 S.E.2d 915, 918 (Ct. App. 1988). In that case the court of appeals held that when an insurance company does not comply with the statute requiring an offer of underinsured motorist coverage, the insured is entitled to have the policy reformed to afford

3

such coverage up to the limits of the insured's liability coverage. Butler did not disturb Dewart's resolution of the limits of the reformed policy.

The district court properly followed Butler and Dewart by affording Roberts underinsured motorist coverage up to the limits of her liability coverage, 100/300/50.

III

USAA relies on Norwood v. Allstate Ins. Co., 327 S.C. 503, 489 S.E.2d 661 (Ct. App. 1997), which was decided after the district court decided Roberts. In Norwood the court of appeals cited Butler, and it held that Allstate had made a valid offer of underinsured motorist coverage. The offer in Norwood is significantly different from the invalid offer USAA made to Roberts.

AFFIRMED

4