522 S.E.2d 819

**Brenda J. TUCKER, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

No. 3041.

Court of Appeals of South Carolina.

Submitted June 8, 1999.

Decided Aug. 30, 1999.

Eugene C. Covington, Jr., of Covington, Patrick, Hagins, Stern & Lewis, of Greenville, for appellant.

W. Francis Marion, Jr., of Haynsworth, Marion, McKay & Guerard, of Greenville, for respondent.

PER CURIAM:

Steven Hester purchased from Allstate Insurance Company an automobile insurance policy with limits of $100,000/$300,000/$50,000. Hester accepted Allstate's offer for additional uninsured motorist (UM) coverage, but rejected the offer of underinsured motorist (UIM) coverage. After Brenda J. Tucker, Hester's wife, was injured in an automobile accident, Tucker commenced this declaratory judgment action against Allstate, contending that Allstate's offer of underinsured motorist (UIM) coverage was insufficient and that the policy should be reformed to include UIM coverage. Relying on this Court's decision in *Norwood v. Allstate Ins. Co.*, 327 S.C. 503, 489 S.E.2d 661 (Ct.App.1997), *cert. denied* (February 20, 1998), the trial court granted summary judgment in favor of Allstate. Tucker appeals, and we affirm.

Pursuant to S.C.Code Ann. § 38–77–160 (Supp.1998), automobile insurers must "offer, at the option of the insured, underinsured motorist coverage *up to the limits of the insured liability coverage.*" (emphasis added). To comply with this statutory obligation, the insurer's offer of UIM coverage must be "meaningful." *See State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 521–22, 354 S.E.2d 555, 556–57 (1987). For an offer of UIM coverage to be meaningful,

(1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the

optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium. *Id.* at 521, 354 S.E.2d at 556; *see also Wilkes v. Freeman,* 334 S.C. 206, 210, 512 S.E.2d 530, 532 (Ct.App.1999), *petition for writ of cert. pending* (filed April 14, 1999); *Norwood,* 327 S.C. at 505, 489 S.E.2d at 662. The insurer bears the burden of establishing that it made a meaningful offer of UIM coverage. *See Butler v. Unisun Ins. Co.,* 323 S.C. 402, 405, 475 S.E.2d 758, 759 (1996). "If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." [1] *Id.* at 405, 475 S.E.2d at 760.

█ In this case, Allstate's form offered five different levels of UIM coverage below the liability limits of the policy and one above the liability limits of the policy. None of the coverage levels offered, however, was below the statutorily-required minimum limits of liability coverage, nor was there an offer exactly mirroring the liability limits of the policy. On a separate page explaining UM and UIM coverage, the form stated:

---

1. S.C.Code Ann. § 38–77–350 (Supp.1998) sets forth certain minimum requirements for forms offering UM and UIM coverage and provides for the approval of forms by the director of the Department of Insurance. Section 38–77–350(B) provides that if an approved form is "properly completed and executed by the named insured[,] it is conclusively presumed that there was an informed, knowing selection of coverage." However, if a form does not adequately offer UIM coverage "up to the limits" of liability coverage, as required by section 38–77–160, the fact that the form was approved by the Department of Insurance is not dispositive. *See Butler,* 323 S.C. at 408–09, 475 S.E.2d at 761 ("Section 38–77–350 does not modify the requirement of section 38–77–160 that insurance companies offer UIM coverage up to the limits of the insured liability coverage. Because [the] Insurance Company failed to offer UIM coverage up to the limits of the liability coverage, [the insured] is entitled to a reformation of her policy."); *accord Osborne v. Allstate Ins. Co.,* 319 S.C. 479, 488, 462 S.E.2d 291, 296 (Ct.App.1995) (The director of the Department of Insurance "has discretion to approve the sufficiency of offers of UIM coverage under § 38–77–350. However, he has no discretion to approve offers that do not make it clear to applicants that they may obtain UIM coverage for amounts less than the minimum liability coverages required by § 38–77–160. We, therefore, reverse the trial court's conclusion that because Allstate's offer form was approved by the [director], it is conclusively presumed to comply with the requirements of both §§ 38–77–160 and 38–77–350.").

You can at your option buy underinsured motorist coverage with limits up to the limits of Liability Coverage ... you carry or reject underinsured motorist coverage entirely.

. . .

In the future, if you wish to increase or to decrease your limits of additional uninsured motorists coverage or to terminate, increase or decrease your limits for underinsured motorists coverage, you must then contact either your insurance agent or your insurance company....

As noted by the trial court, the form used in this case is, in relevant part, identical to the form approved by this Court in *Norwood.* The offer tracks the language of section 38–77–160, informing the insured that UIM coverage can be purchased with limits "up to the limits of Liability Coverage." While the offer includes certain specific limits of UIM coverage, it also explains that UIM limits can be increased or decreased. The offer, therefore, is a proper and meaningful offer of UIM coverage. *See Norwood,* 327 S.C. at 507, 489 S.E.2d at 663 ("Allstate's inclusion of at least three specific options of UIM coverage below Norwood's liability limits coupled with the plain language of Allstate's offer form notifying Norwood that she could increase or decrease her UIM coverage satisfied the requirements of section 38–77–160."); *cf. Wilkes,* 334 S.C. at 212, 512 S.E.2d at 533 (finding UIM offer invalid even though it offered three rates equal to or less than insured's liability coverage, because "the form fails to provide any indication that applicants may request other coverage amounts").

While the offer in this case did not include an offer of UIM coverage in the precise amount of the liability coverage, we do not believe that renders invalid the otherwise valid and meaningful offer of UIM coverage.[2] Because Allstate's offer specifies that UIM coverage can be purchased with limits "up to the limits of Liability Coverage" and informs the insured that UIM coverage can be increased or decreased, the offer sufficiently conveys the necessary information to the insured.

---

**2.** The record in *Norwood* likewise reveals that the offer in that case did not include a specific offer of UIM coverage in the same amount as the liability limits purchased.

Accordingly, for the foregoing reasons, the decision of the trial court is hereby

**AFFIRMED.**[3]

HOWELL, C.J., HUFF and HOWARD, JJ., concur.

---

**3.** Given our conclusion that Allstate made a meaningful offer of UIM coverage, we need not specifically address the other issues raised by Tucker.