**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1767**

SHAWN MOULTRIE,

                    Plaintiff - Appellee,

          v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:16-cv-03174-DCN)

Submitted:  May 28, 2020                            Decided:  September 15, 2020

Before RICHARDSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Robert Murphy, MURPHY & GRANTLAND, PA, Columbia, South Carolina, for Appellant.  Kevin B. Smith, Amanda R. Stearns, HOFFMAN LAW FIRM, LLC, North Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Progressive Direct Insurance Company ("Progressive") appeals from the district court's order denying its Fed. R. Civ. P. 59(e) motion seeking to alter or amend the court's prior order entering judgment in Shawn Moultrie's favor following a bench trial in his civil action for a declaratory judgment after a motorcycle collision that left him injured. Moultrie sought reformation of the insurance policy Progressive issued for his Harley Davidson motorcycle to include $100,000 in underinsured motorist ("UIM") coverage on the basis that Progressive never made a meaningful offer of such coverage under South Carolina state law. In its order granting judgment to Moultrie, the district court determined that Progressive had failed to prove it was entitled to South Carolina's statutory presumption that it made a meaningful offer of UIM coverage to Moultrie and rejected Progressive's argument that Gayle Case—the parts manager for the dealership where Moultrie purchased the motorcycle who assisted him in applying for and obtaining the policy—signed the form rejecting UIM coverage on Moultrie's behalf as his agent. The court reformed the policy to include $100,000 in UIM coverage for the motorcycle. In its Rule 59(e) motion, Progressive asserted that reconsideration was necessary to avoid a clear legal error and manifest injustice because, under the facts of the case, there were only two possible outcomes: (1) Case was Moultrie's implied agent; or (2) no insurance contract was formed between Moultrie and it. The district court found no clear error of law or manifest injustice and denied the motion.

On appeal, Progressive contends that Moultrie is not entitled to UIM coverage from it—and that the district court reversibly erred in reforming the policy to include such

2

coverage—because Case was his implied agent and validly rejected UIM coverage on his behalf. Progressive also argues that the facts of the case require a finding of apparent agency that would estop Moultrie from denying Case acted as his agent for the purpose of acquiring the policy. It further argues that, if Case was not Moultrie's agent, then no insurance contract was formed between Moultrie and it. Progressive also moves for certification of certain questions to the Supreme Court of South Carolina. We deny this motion and affirm.

"We review a judgment following a bench trial under a mixed standard of review-factual findings may be reversed only if clearly erroneous, while conclusions of law . . . are examined de novo." *Equinor USA Onshore Props. Inc. v. Pine Res., LLC*, 917 F.3d 807, 813 (4th Cir. 2019) (internal quotation marks omitted). We also review the district court's decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

Under South Carolina state law, which governs here, *Nationwide Mut. Ins. Co. v. Powell*, 292 F.3d 201, 203 (4th Cir. 2002), automobile insurers must offer optional UIM coverage up to the limits of the insured's liability coverage. S.C. Code Ann. § 38-77-160 (2015) (providing that automobile insurance carriers "shall . . . offer, at the option of the insured, [UIM] coverage up to the limits of the insured liability coverage"). The Supreme Court of South Carolina has interpreted this mandate-to-offer language as requiring that "the insured . . . be provided with adequate information, and in such manner, as to allow the insured to make an intelligent decision of whether to accept or reject the coverage."

3

*State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 354 S.E.2d 555, 556 (S.C. 1987). This requirement of a meaningful offer of UIM coverage "is intended to protect an insured." *Grinnell Corp. v. Wood*, 698 S.E.2d 796, 800 (S.C. 2010). Consequently, "[a]ll law with respect to a meaningful offer of . . . UIM coverage must be applied so as to effectuate this stated purpose." *Id.* at 799. The insurer bears the burden of establishing that it made a meaningful offer of UIM coverage, and whether the insurer has met that burden is a question of fact. *Floyd v. Nationwide Mut. Ins. Co.*, 626 S.E.2d 6, 11-12 (S.C. 2005).

Under the four-part test enunciated in *Wannamaker* for determining whether an offer of UIM coverage is meaningful,

> (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

*Wannamaker*, 354 S.E.2d at 556. Under S.C. Code Ann. § 38-77-350 (2015), passed in apparent response to *Wannamaker*, *Powell*, 292 F.3d at 204, insurers must comply with certain requirements for forms used in making offers of UIM coverage. *Grinnell Corp.*, 698 S.E.2d at 799; S.C. Code Ann. § 38-77-350(A). If the form used by the insurer meets these requirements and "is signed by the named insured, after it has been completed by an insurance producer or a representative of the insurer, it is conclusively presumed that there was an informed, knowing selection of coverage and . . . the insurance company . . . is [not] liable to the named insured . . . under the policy for the insured's failure to purchase optional coverage." S.C. Code Ann. § 38-77-350(B). "The insurer has the burden of

4

establishing that the requirements have been met in order to take advantage of the presumption." *Wiegand v. U.S. Auto Ass'n*, 705 S.E.2d 432, 435 (S.C. 2011).

An insurer not entitled to the presumption in § 38-77-350(B) "may prove the sufficiency of its offer by showing that it complied with *Wannamaker*." *Id.* (internal quotation marks omitted). A noncomplying offer, however, "has the legal effect of no offer at all." *Hanover Ins. Co. v. Horace Mann Ins. Co.*, 389 S.E.2d 657, 659 (S.C. 1990). "If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed, by operation of law, to include UIM coverage up to the limits of liability insurance carried by the insured." *Floyd*, 626 S.E.2d at 11 (internal quotation marks omitted).

Progressive urges that Case acted as an implied agent for Moultrie in rejecting UIM coverage offered through a § 38-77-350(A)-compliant form ("the UIM offer form") that was generated during the policy application process and that, as a result, Moultrie is bound by Case's rejection decision. If Case is Moultrie's implied agent, Progressive continues, then § 38-77-350(B) is met, and it is entitled to the conclusive statutory presumption that it made a meaningful offer.[1] In making this argument, Progressive relies primarily on the decision of the South Carolina Court of Appeals ("SCCA") in *Nationwide Mut. Ins. Co. v. Prioleau*, 597 S.E.2d 165 (S.C. Ct. App. 2004). We reject this argument.

---

[1] In its reply brief, Progressive additionally contends that it satisfied *Wannamaker*'s factors for a meaningful offer of coverage because it provided the UIM offer form electronically. Because this contention is raised for the first time in the reply brief, we need not consider it. *See United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013).

5

In *Prioleau*, the SCCA upheld as valid the rejection of UIM coverage by one spouse where there was an implied agency relationship between spouses. *Id.* at 168. There, a husband and wife were listed as named insureds on an automobile insurance policy, but the husband was the only person to complete the application for insurance and decline UIM coverage. *Id.* at 166. Although the wife testified that her husband did not have authority from her to act as her agent, the SCCA recognized that "the relationship of agency need not depend upon express appointment and acceptance thereof, but may be, and frequently is, implied or inferred from the words and conduct of the parties and the circumstances of the particular case." *Id.* at 168. The SCCA determined an implied agency existed between the spouses in *Prioleau* based on their conduct. *Id.*

*Prioleau*, however, is distinguishable from the case here. Here, Moultrie—the only named insured—credibly testified he never saw the UIM offer form or electronically signed it. Further, implied agency between Moultrie and Case does not appear on the record based on their conduct. Moultrie testified he never authorized Case to be his agent or to make choices regarding UIM coverage on his behalf, and Case could not recall Moultrie authorizing her to act as his agent to make decisions regarding UIM coverage. Additionally, Case—who controlled the selections on a computer she used to apply for the policy online—does not explain anything about UIM coverage to motorcycle customers at the dealership and did not discuss such coverage with Moultrie prior to the commencement of the application process or at any other time. There further was no evidence adduced at trial that Moultrie otherwise knew UIM coverage had been offered and declined. Moultrie testified he knew nothing about the coverage and did not see the UIM offer form Case

6

generated as part of the application process. Indeed, Moultrie understood he was applying for full insurance coverage providing every type of coverage. Under these circumstances, we conclude, Case did not act as the implied agent for Moultrie, *see Allstate Fire & Cas. Ins. Co. v. Simpson*, 152 F. Supp. 3d 487, 495 (D.S.C. 2016), and her rejection of UIM coverage thus does not bind Moultrie.[2]

Progressive also argues that the facts of the case require a finding of apparent agency between Moultrie and Case that would estop him from denying Case acted as his agent for the purpose of acquiring the policy. This apparent agency claim, however, is presented for the first time on appeal.[3] "Absent exceptional circumstances, . . . we do not consider issues raised for the first time on appeal. Rather, we consider such issues on appeal only when the failure to do so would result in a miscarriage of justice." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 242 (4th Cir. 2009) (internal quotation marks and citation omitted). Progressive has not argued that exceptional circumstances are present or that a miscarriage of justice would result if this court failed to consider this argument, and we

---

[2] Because Moultrie did not know UIM coverage had been offered and rejected, we also reject Progressive's suggestion made as part of this argument that Moultrie ratified the purchase transaction by making payment for the policy. *Cf. Powell*, 292 F.3d at 205 (addressing ratification under South Carolina state law).

[3] In argument at the bench trial and again in the Rule 59(e) motion, Progressive argued that Case was Moultrie's implied agent. Progressive did advance an apparent agency argument in its motion for summary judgment, but it has not identified the district court's October 18, 2017, order denying that motion as an order from which it appeals. Rather, its appeal is directed at the district court's January 11, 2019, order entering judgment in Moultrie's favor and the June 24, 2019, order denying its Rule 59(e) motion. As to these orders, Progressive's claim of apparent agency is raised for the first time on appeal.

find after review of the record no such circumstances warranting departure from the general rule. We therefore decline to consider this argument on appeal.

Progressive further argues that, if Case was not Moultrie's implied agent, then no insurance contract was formed between it and Moultrie and there is thus no policy to reform to include UIM coverage. It argues that holding otherwise would undermine the effectiveness and reliability of online insurance transactions. We reject these arguments.

Progressive has not established error warranting reversal in the district court's determination that it had not shown it was entitled to the presumption in § 38-77-350(B). that it complied with its statutory duty and made a meaningful offer of UIM coverage to Moultrie. Such failure warrants reformation of the policy as a matter of law. *Floyd*, 626 S.E.2d at 11. Further, the interpretation Progressive suggests—that lack of compliance with the requirement to make a meaningful offer means no valid insurance contract is present—"would be directly at odds with the purpose of the meaningful-offer requirement." *See Powell*, 292 F.3d at 206 (rejecting insurer's argument that § 38-77-350(B) prevents reformation of policy). While reformation of the policy in Moultrie's favor "might be viewed as [an] undeserved windfall[] for [Moultrie], a contrary result in [this] case would allow the insurer to avoid its duty to provide the critical UIM information in a commercially reasonable manner." *Id.*

Finally, Progressive requests certification of certain questions to the Supreme Court of South Carolina. Certification is appropriate when this court is "required to address a novel issue of local law which is determinative in the case before it." *Grattan v. Bd. of Sch. Comm'rs of Baltimore City*, 805 F.2d 1160, 1164 (4th Cir. 1986); *see Langley v.*

8

*Pierc*e, 993 F.2d 36, 37-38 (4th Cir. 1993); S.C. App. Ct. R. 244(a).  Here, because the plain language of § 38-77-160, § 38-77-350, and the decisions noted control, we decline to exercise our discretion to invoke the certification process.

Accordingly, we affirm the district court's orders.  We deny Progressive's motion for certification of questions to the Supreme Court of South Carolina and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*