658 S.E.2d 106

**Clifford A. ATKINS, Appellant,**

v.

**HORACE MANN INSURANCE COMPANY, Respondent.**

**No. 4345.**

Court of Appeals of South Carolina.

Heard Dec. 12, 2007.

Decided Feb. 21, 2008.

626

E.T. Moore, Jr. and Angela W. Abstance, both of Barnwell, for Appellant.

Karl Brehmer and L. Darby Plexico, III, both of Columbia, for Respondent.

HEARN, C.J.

Clifford Atkins appeals the circuit court's order finding Horace Mann Insurance Company (Horace Mann) made him a commercially reasonable offer of underinsured motorist (UIM) coverage, and that the underlying policy should not be reformed to include UIM coverage up to liability limits. Atkins contends Horace Mann failed to meet its burden of proving that a meaningful offer of UIM coverage was made. We affirm.

## FACTS

On or about December 27, 2000, Atkins purchased a 1993 Lexus. The circuit court's order is contradictory as to the manner in which Atkins' Lexus became covered by Horace Mann. The order initially states "the plaintiff purchased a policy of Insurance covering the [new] Lexus." However, the next paragraph states Atkins made a request "to add the Lexus to his existing Horace Mann policy . . ." After making this request, Kevin Hunt, a new agent for Horace Mann, sent Atkins a form entitled "Automobile coverage selection/ rejection form." Atkins' name, date, policy number, and the make and model of his new Lexus were already filled in at the top of the form. Just below this information, in a section titled "Uninsured and Underinsured Motor Vehicle Coverage Offers," the form instructed Atkins to "please check the limits you want for each coverage and sign and date your choice. You must sign your name five times on this form." Immediately below this instruction, the form indicated that Atkins' existing policy liability limits were $100,000/ $300,000/ $50,000.

Under the heading entitled "Underinsured Motor Vehicle Bodily Injury Coverage," seven choices of coverage were listed, ranging from $15,000/$30,000 to $500,000/$1,000,000. A check mark on the form indicates Atkins chose UIM coverage in the amount of $25,000/$50,000. This selection was below his policy liability limits, but is the same amount of UIM coverage he had on his other cars insured with Horace Mann. Atkins admits he signed his name on the signature line under the UIM section; however, Atkins contends he does not recall writing the date beside the signature line or putting a check mark for the levels of UIM coverage that were selected.

Atkins also admits that he signed his name under the acknowledgment paragraph, indicating he had read the explanations and offers of UM and UIM coverage.

On October 22, 2003, Atkins was involved in an automobile accident with Terry Gillyard, and suffered bodily injuries and other damages. Gillyard's insurance company tendered its liability limits to Atkins, but Atkins sought additional compensation from Horace Mann because his damages exceeded Gillyard's coverage limits. Thereafter, Atkins filed a declaratory judgment action requesting to have his policy with Horace Mann reformed to provide him with UIM coverage equal to the limits of his liability insurance coverage.

█ The circuit court found Horace Mann was not entitled to the conclusive presumption of a meaningful offer pursuant to S.C.Code Ann. § 38–77–350(B) (Supp.2007). This finding has not been appealed and therefore is not before us for review. *See Dreher v. Dreher*, 370 S.C. 75, 78 n. 1, 634 S.E.2d 646, 647 n. 1 (2006) ("[A]n unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal [.]") (citing *In re Morrison*, 321 S.C. 370, 372 n. 2, 468 S.E.2d 651, 652 n. 2 (1996)). The circuit court ultimately ruled in favor of Horace Mann, concluding Horace Mann had carried its burden of proving that it had made a meaningful offer of UIM coverage to Atkins pursuant to S.C.Code Ann. § 38–77–160 (2002) and § 38–77–350 (Supp.2007), and the *Wannamaker* Test.[1] Atkins appeals this ruling, asserting the circuit court erred in holding that Horace Mann carried its burden of proving it made a meaningful offer to Atkins. We disagree.

## STANDARD OF REVIEW

█ A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying

---

1. To determine whether an insurer has complied with its duty to offer optional coverages and thus make a meaningful offer of UIM coverage, the court must consider the following factors: (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the option coverage: and (4) the insured must be told that optional coverages are available for an additional premium. *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518, 521, 354 S.E.2d 555, 556 (1987).

issue. *Hardy v. Aiken,* 369 S.C. 160, 164, 631 S.E.2d 539, 541 (2006). In this case, the underlying issue involves determination of coverage under an insurance policy, and therefore, is an action at law. *Auto–Owners Ins. Co., v. Hamin,* 368 S.C. 536, 540, 629 S.E.2d 683, 685 (Ct.App.2006) (cert. granted 2007). In an action at law, tried without a jury, the trial judge's factual findings will not be disturbed on appeal unless a review of the record reveals there is no evidence which reasonably supports the judge's findings. *State Farm Mut. Auto. Ins. Co. v. Calcutt,* 340 S.C. 231, 237, 530 S.E.2d 896, 899 (Ct.App.2000).

## LAW/ ANALYSIS

■■ We initially note that the addition of Atkins' Lexus to his Horace Mann policy appears to be a " 'change' to an existing policy as contemplated by S.C.Code Ann. § 38–77–350(C) (Supp.2007), and thus a new offer of UIM coverage is not mandated." *Smith v. South Carolina Ins. Co.,* 350 S.C. 82, 88–89, 564 S.E.2d 358, 362 (Ct.App.2002). In *Smith,* this court held that "[a]n insurer is not required to make a new offer of UIM coverage when an insured adds an additional vehicle to an existing automobile insurance policy." *Id.* at 89, 564 S.E.2d at 362. However, since Horace Mann made an offer of UIM coverage to Atkins, this offer must be a meaningful offer pursuant to the statute and *Wannamaker. Wannamaker* at 521, 354 S.E.2d at 556. We find Horace Mann made a valid offer and therefore affirm.

■■ Section 38–77–160 of the South Carolina Code (2002) provides automobile insurers must "offer at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage." To comply with this statutory obligation, the insurer's offer of UIM coverage must be "meaningful." *Tucker v. Allstate Ins. Co.,* 337 S.C. 128, 130, 522 S.E.2d 819, 820 (Ct.App.1999). The insurer bears the burden of establishing that it made a meaningful offer. *Butler v. Unisun Ins. Co.,* 323 S.C. 402, 405, 475 S.E.2d 758, 759 (1996). If the insurer fails to comply with its statutory duty to make a meaningful offer to the insured, the policy will be reformed by operation of law to include UIM coverage up to

the limits of liability insurance carried by the insured. *Id.,* at 404, 475 S.E.2d at 760.

■ Atkins maintains Horace Mann's offer failed the *Wannamaker* test in two respects. First, Atkins asserts the offer was not made in a commercially reasonable manner because Hunt never spoke with him directly, instead mailing him a selection/rejection form. We disagree. The use of mail is a reasonable method of communicating with the insured about an important business transaction. *Dewart v. State Farm Mut. Auto. Ins. Co.,* 296 S.C. 150, 153–54, 370 S.E.2d 914, 917 (Ct.App.1988). Moreover, Atkins had an ongoing relationship with Horace Mann when he purchased the Lexus. He chose to call Hunt to insure his Lexus instead of going by the agent's office, and it was apparently acceptable to him to read the automobile coverage selection/rejection form, sign every blank, and return it to the agent via the mail. Therefore, we find that the Horace Mann's notification process was commercially reasonable.

Next, Atkins contends that Horace Mann failed to intelligibly advise him of the nature of underinsured motorist coverage. Again, we disagree. Atkins purchased exactly the same UIM coverage for his Lexus that he had previously purchased on all his other vehicles insured by Horace Mann. In addition, Atkins properly signed the form in the five required locations, including the lines accepting UIM coverage at limits of 25/50 and under the paragraph acknowledging he had read the form in its entirety. The form clearly explains the nature of UIM coverage: various options of UIM coverage limits are set out, every appropriate selection is made, each signature block is signed, and the form adequately explains where the insured is to seek out additional information if he or she has questions. Moreover, Atkins is a high school teacher, former principal, and coach of thirty-five years with a Master's degree and over thirty hours towards a Ph.D.

Atkins relies heavily on *Floyd v. Nationwide Mut. Ins. Co.* to claim Horace Mann did not intelligibly advise him of the nature of underinsured coverage. *Floyd v. Nationwide Mut. Ins. Co.,* 367 S.C. 253, 626 S.E.2d 6 (2005). However, the holding in *Floyd* was limited to the issue of whether Nationwide was entitled to the conclusive presumption of a meaning-

ful offer of UIM coverage pursuant to S.C.Code Ann. § 38–77–350(B) (Supp.2007). *Id.* As mentioned above, that issue it not before us for review, and therefore *Floyd* is not controlling. Accordingly, we find that Horace Mann intelligibly advised Atkins of the nature of underinsured coverage.[2]

## CONCLUSION

Based on the foregoing, the circuit court's order is

**AFFIRMED.**

KITTREDGE, J., and THOMAS, J., concur.

---

2. We note that Atkins does not challenge factors (2) and (4) of the *Wannamaker* test; nevertheless, we address those briefly. The selection/rejection form adequately specified the limits of optional coverage, and the form also adequately explained that optional coverages were available for an additional premium. *Butler* at 405, 475 S.E.2d at 759.