THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Farm Bureau Mutual Insurance Company, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Ronnie D.
 Jenkins and Sandra B. Jenkins, Respondents.
 
 
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-136
 Submitted January 11, 2011  Filed April
5, 2011    

AFFIRMED

 
 
 
 John Robert Murphy, of Columbia, for
 Appellant.
 John S. Nichols, of Columbia; and Robert
 Verner Phillips, of Rock Hill; for Respondents.
 
 
 

FEW, C.J.:  Sandra
 and Ronnie Jenkins had three auto insurance policies with Farm Bureau that each
 carried liability limits of $25,000.00 per person, $50,000.00 per accident, and
 $25,000.00 for property damage.  For each policy, the Jenkins also chose to
 carry equivalent UM and UIM coverage.  
On May 30, 2003, the Jenkins
 went to the Farm Bureau office to increase their policy limits and met with
 Agent Joe Lee.  Lee testified that another agent, Crystal Martin, made initial
 changes to the Jenkins's coverage in Farm Bureau's computer system and these
 changes were reflected on pre-printed forms before Agent Lee met with the
 Jenkins.  
Lee filled in additional
 information on the forms and presented them to Ronnie Jenkins for signature. 
 Ronnie Jenkins concedes he signed the documents.  At the conclusion of the
 meeting, the Jenkins modified their policies to provide $250,000.00 per person,
 $500,000.00 per accident, and $100,000.00 for property damage in liability
 coverage.  Ronnie Jenkins testified that neither Lee nor any other Farm Bureau
 agent provided him with an explanation of UM and UIM coverage.  
After a car accident on July
 15, 2006, Sandra Jenkins filed a claim with Farm Bureau for UM coverage for
 bodily injuries she sustained.  At the time of the accident, the Jenkins
 learned that their policy provided UM and UIM coverage only in the amounts of $25,000.00
 per person, $50,000.00 per accident, and $25,000.00 for property damage.  
Farm Bureau filed a
 declaratory judgment action seeking a ruling that it made a meaningful offer of
 additional UM coverage to the Jenkins.  After a hearing, the trial court found
 that Farm Bureau did not make a meaningful offer of UM and UIM coverage and
 ordered that the policy be reformed to provide Jenkins with UM and UIM coverage
 equal to their liability coverage.  
LAW/ANALYSIS
Farm Bureau contends the
 trial court erred in ruling that it failed to meet its burden of proving it
 made a meaningful offer of UM and UIM coverage to Ronnie and Sandra Jenkins.  See Progressive Cas. Ins. Co. v. Leachman, 362 S.C. 344, 348, 608 S.E.2d
 569, 571 (2005) (holding that insurer bears the burden of establishing that it
 made a meaningful offer).
The issues here involve
 making a "determination of coverage under an insurance policy, and
 therefore, [this] is an action at law."  Atkins v. Horace Mann Ins. Co.,
 376 S.C. 625, 630, 658 S.E.2d 106, 109 (Ct. App. 2008); accord Nationwide
 Mut. Ins. Co. v. Prioleau, 359 S.C. 238, 241, 597 S.E.2d 165, 167 (Ct. App.
 2004).  In an action at law, tried without a jury, the trial court's factual
 findings will not be disturbed on appeal unless a review of the record reveals that
 there is no evidence to reasonably support the trial court's findings.  Atkins,
 376 S.C. at 630, 658 S.E.2d at 109.
To meet the burden of proving
 a meaningful offer was made, an insurer must demonstrate compliance either with
 section 38-77-350 of the South Carolina Code or with
 the Wannamaker requirements.[1] 
 Farm Bureau concedes the trial court correctly ruled that it is not entitled to
 the conclusive presumption of statutory compliance under section 38-77-350(B). 
 Instead, Farm Bureau contends that the trial court erred in ruling that it
 failed to make a meaningful offer under Wannamaker.[2]  We disagree.  
In Wannamaker, the
 supreme court held that insurers must make a "meaningful offer" of UM
 coverage.  291 S.C. at 522, 354 S.E.2d at 557.  To
 satisfy this requirement: 

 (1) the insurer's notification process must be commercially
 reasonable, whether oral or in writing; (2) the insurer must specify the limits
 of optional coverage and not merely offer additional coverage in general terms;
 (3) the insurer must intelligibly advise the insured of the nature of the
 optional coverage; and (4) the insured must be told that optional coverages are
 available for an additional premium. 

291 S.C. at 521,
 354 S.E.2d at 556.  
After the trial court ruled
 that Farm Bureau was not entitled to a conclusive statutory presumption, the
 judge properly turned to the factual question of whether Farm Bureau made a
 meaningful under the Wannamaker criteria.[3]  See Grinnell Corp. v. Wood, 389 S.C. 350, 357, 357 S.E.2d 796,
 799-800 (2010) (holding that even when an insurer is not entitled to the
 statutory presumption, the insurer may prove a meaningful offer by
 demonstrating compliance with Wannamaker).  The trial court reviewed the
 evidence and concluded that the testimony relating to whether Farm Bureau intelligibly advised the Jenkins of the nature of the UM
 and UIM coverage and whether Farm Bureau told the Jenkins that optional
 coverages are available for an additional premium was "dramatically
 opposed."  The trial court determined that Farm Bureau "failed to
 carry its burden of proof and therefore failed to prove by a preponderance of
 the evidence that it made a meaningful offer of UM and UIM coverage to the
 Jenkins."  
Evidence in the record
 supports the trial court's finding that no meaningful offer was made.  Agent
 Lee testified that an insured who requests "maximum coverage" would
 not have received what he asked for if he only had $25,000 in UIM coverage.  He
 also testified about the normal procedure he follows in explaining coverage
 options and forms to insureds, but conceded that his only proof is the
 selections made on the form.  Mr. Jenkins testified that Agent Lee "did
 not explain to him anything regarding UIM or UM coverage.  He testified that he
 had never heard of uninsured or underinsured coverage until it was explained to
 him by his current counsel . . . ."  The trial judge's decision turns on
 this factual finding.  Because there is evidence in the record to support the
 finding, we must affirm.    
Farm Bureau relies on Atkins
 v. Horace Mann Insurance Co. in support of its position, but we find the
 case distinguishable.  376 S.C. 625, 630, 658 S.E.2d 106, 109 (Ct. App. 2008). 
 First, Atkins addressed an appeal from a ruling that a meaningful offer
 was made, while here the trial court ruled that the facts supported an opposite
 ruling.  376 S.C. at 629, 658 S.E.2d at 108-09.  The court concluded that the
 written offer present in Atkins is commercially reasonable under Wannamaker,
 376 S.C. at 631, 658 S.E.2d at 109, while the issues present here concern
 different prongs of Wannamaker.  Second, Farm Bureau emphasizes that the
 court affirmed solely on the form in Atkins.  However, the entire transaction
 in Atkins occurred through use of the mail, whereas here, the Jenkins
 initially made a phone call to Farm Bureau to discuss changing their policies
 and then decided to go to Farm Bureau's office to discuss their options and
 sign the forms.  
Farm Bureau also argues that
 Agent Lee's testimony demonstrates that a meaningful offer was given.  As
 discussed above, after hearing and weighing Agent Lee's testimony, the trial
 court concluded that, in combination with the other evidence in the record,
 Farm Bureau did not satisfy its burden to prove it made a meaningful offer.  See Leachman, 362 S.C. at 348, 608 S.E.2d at 571.  This was within the trial
 court's discretion.  See S.C. Dep't of Transp. v. M & T Enters.
 of Mt. Pleasant, LLC, 379 S.C. 645, 668, n.12, 667 S.E.2d 7, 20, n.12 (Ct.
 App. 2008) (noting that the trier of fact is "free to accept or reject any
 or all of a witness's testimony"). 
Farm Bureau argues that the
 Jenkins should be bound by the documents they signed.  The trial court properly
 ruled that the fact that the Jenkins signed the forms is not dispositive of the
 case.  Although it seems contrary to basic contract principles, the law
 requiring meaningful offers of UM and UIM coverage has developed to protect
 insureds.[4] 
 Without a meaningful offer, there can be no operative acceptance.  As the trial
 court explained: 

 [O]ur
 courts have carved out a rule to the effect that a detailed acknowledgment that
 reflects detailed information, crucial to a fair contractual relation between
 the insured and the insurer, is valueless. . . . [T]he law in this instance
 diminishes the value of one's signature and places absolutely no responsibility
 on one to watch out for their own interest and be held to their written
 statements . . . . 

AFFIRMED.
SHORT and WILLIAMS, JJ., concur.

[1] S.C. Code Ann. § 38-77-350 (2002); State Farm Mut.
 Auto. Ins. Co. v. Wannamaker, 291 S.C.
 518, 521, 354 S.E.2d 555, 556 (1987).
[2] Farm Bureau posits that despite not being entitled to
 a conclusive presumption under subsection 38-77-350(B), it can demonstrate that
 a meaningful offer was made under 38-77-350(A) by analyzing the elements of the
 blank form.  While the elements included and structure of the form are
 certainly a component of the meaningful offer analysis, the form must be
 considered in the context of how it is executed.  
[3] 
 Farm Bureau also contends that the trial court erred "in ending its
 analysis" at the point it determined Farm Bureau is not entitled to a
 conclusive presumption under the statute.  We do not read the order to conclude
 its analysis prematurely.  
[4] The scenario this case presents would not have the same result now.  Under the
 amended 38-77-350(A), the insurer is now permitted to fill out the forms on
 behalf of the insured as long as the insured signs the form.