**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-1414**

———————————

KIMBERLY K. BAGNAL,

                 Plaintiff - Appellant,

         v.

FOREMOST INSURANCE GROUP,

                 Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   David C. Norton, Chief District
Judge.   (2:09-cv-01474-DCN)

———————————

Submitted:  November 22, 2011        Decided:  January 6, 2012

———————————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

O. Grady Query, Charleston, South Carolina, for Appellant.  J.R.
Murphy, Ashley B. Stratton, MURPHY & GRANTLAND, P.A., Columbia,
South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly K. Bagnal appeals the district court's order granting summary judgment to Foremost Insurance Group ("Foremost") on her declaratory judgment action seeking reformation of the motorcycle insurance policy that Donald Adams maintained with Foremost. Bagnal contends that the evidence before the district court was insufficient to justify its determination that Foremost complied with the requirements of South Carolina law, S.C. Code Ann. § 38-77-160 (2002), when offering underinsured motorist ("UIM") coverage to Adams. We affirm.

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving

2

party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Pursuant to S.C. Code Ann. § 38-77-160, insurance carriers are required to offer UIM coverage up to the limits of an insured's liability coverage. See generally Nationwide Mut. Ins. Co. v. Powell, 292 F.3d 201, 203-04 (4th Cir. 2002). To comply with this statutory obligation, the insurer must make a "meaningful offer" of UIM coverage. See, e.g., Atkins v. Horace Mann Ins. Co., 658 S.E.2d 106, 109 (S.C. Ct. App. 2008). If an insurance company fails to do so, the policy may be reformed to include such coverage up to the limits of the liability insurance carried by an insured. See id.

An insurer must meet the following requirements to make a "meaningful offer" of UIM coverage:

> (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; (2) the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

State Farm Mut. Auto. Ins. Co. v. Wannamaker, 354 S.E.2d 555, 556 (S.C. 1987).

A review of the record indicates that the district court correctly determined that Foremost complied with these requirements when offering UIM coverage to Adams. First,

3

Foremost mailed its offer of UIM coverage to Adams, thus employing a commercially reasonable process of notification. See Atkins, 658 S.E.2d at 109. The form that Foremost mailed to Adams offered him UIM coverage in all of the amounts that the South Carolina Department of Insurance had authorized Foremost to sell at the time, thus satisfying the second requirement of Wannamaker. See Progressive Cas. Ins. Co. v. Leachman, 608 S.E.2d 569, 573 (S.C. 2005). Additionally, this form satisfied the third and fourth requirements of Wannamaker by clearly explaining the nature of the coverage being offered and listing the additional premiums associated with each level of coverage. Wannamaker, 354 S.E.2d at 556.

We find no merit in Bagnal's contention that the district court was required to consider the documents before it in isolation from each other when examining the propriety of Foremost's offer of UIM coverage. Moreover, there is no evidence to support Bagnal's speculation that Adams may not have received a complete copy of the forms that Foremost sent to him, or that Adams' wife may have executed the forms in question without the proper authority.

Accordingly, we affirm the district court's grant of summary judgment in favor of Foremost. We dispense with oral argument because the facts and legal conclusions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED